## GIBBONS *v.* DISTRICT OF COLUMBIA.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted December 21, 1885.—Decided January 18, 1886.

If a church building is taken down, and a new church, with a sufficient space around it for air and light, is built on other land within the same enclosure, in order to enable a revenue to be derived from the sale or lease of the land on which the old church stood, and it is unnecessary for the enjoyment of the new church that this land should remain vacant, this land is not exempt from taxation for the support of the government of the District of Columbia under §8 of the acts of March 3, 1875, ch. 162; July 12, 1876, ch. 180; and March 3, 1877, ch. 117.

It is within the constitutional power of Congress, acting as the local legislature of the District of Columbia, to tax different classes of property within the District at different rates.

This is an appeal from a decree dismissing a bill in equity by the Roman Catholic Archbishop of the Diocese of Baltimore, of which the District of Columbia is a part, to clear the title of lots numbered 36 to 46 inclusive (being the lots formerly numbered 5, 6 and 7), in square 376 in the City of Washington, from a cloud created by the assessment and sale thereof for taxes amounting, with interest, to more than $5000.

The case was heard upon the bill, answer, a general replication, and the deposition of the pastor of St. Patrick's Church, from which the facts appeared to be as follows:

The lots in question front south on F Street about 170 feet,

and have a depth varying from about 93 feet to about 114 feet. They were conveyed by Anthony Caffray in 1804 to the Roman Catholic Bishop of Baltimore in fee "for the use of the Roman Catholic congregation worshipping in the place called St. Patrick's Church in the City of Washington;" and thenceforward until 1870 were occupied by the old St. Patrick's Church. During that period the church enclosure included about one half of square 376, bounded south by F Street, west by Tenth Street, and north by G Street. In 1870 the old church building was found to be unsafe, and in 1872 it was taken down. Since 1870, and pending the completion of a new church now in process of erection, the congregation has worshipped in Carroll Hall on G Street, within the same half square, and separated from the lots in question by a thirty foot passageway. The new church fronts on Tenth Street, with a strip of open ground about thirty-five feet wide on its south side and in the rear for light and ventilation, all to the north of the lots in question. The reason for so placing the church, instead of putting it in the middle of the inclosure, was to enable a revenue to be derived from the sale or lease of these lots to pay off the church debt incurred in building; and it was not necessary for the enjoyment of the church that these lots should remain vacant. In February, 1881, the plaintiff obtained a decree in equity, authorizing him to sell or otherwise dispose of these lots, and to apply the proceeds to the completion of the new church building; and about that time he made leases thereof for twenty-five years to private persons.

From 1804 until June 30, 1875, no taxes were assessed on these lots. Afterwards until June 30, 1880, they were annually assessed for taxes and sold for non-payment thereof. The annual taxes since that time have been paid.

*Mr. M. F. Morris* for appellant.

*M A. G. Riddle* for appellee.

MR. JUSTICE GRAY delivered the opinion of the court. After stating the facts as reported above, he continued:

The only matter in contest is the validity of the taxes assessed upon the lots on F Street for the five years between June 30, 1875, and June 30, 1880, under the annual acts of Congress of March 3, 1875, ch. 162, and July 12, 1876, ch. 180, and the permanent act of March 3, 1877, ch. 117, authorizing the levy of taxes for the support of the government of the District of Columbia, the material provisions of which are as follows:

The eighth section of each of these statutes exempts from taxation houses for the reformation of offenders, almshouses, buildings devoted to art or belonging to institutions of purely public charity, "church buildings, and grounds actually occupied by such buildings," houses to improve the condition of seamen or soldiers, free public library buildings, and cemeteries.

The act of 1875 adds: "The lands or grounds appurtenant to any said house or building, so far as reasonably needed and actually used for the convenient enjoyment of any said house or building for its legitimate purpose and no other; but if any portion of any said building, house, grounds, or cemetery, so in terms excepted, is used to secure a rent or income, or for any business purpose, such portion of the same, or a sum equal in value to such portion, shall be taxed against the owner of said building or grounds." 18 Stat. 503.

The acts of 1876 and 1877 substitute for this addition a provision to the same effect, though differing somewhat in form, as follows: "But if any portion of any such building, house, grounds or cemetery, so in terms excepted, is larger than is reasonably needed [in the act of 1876—"absolutely required," in the act of 1877] and actually used for its legitimate purpose and none other, or is used to secure a rent or income, or for any business purpose, such portion of the same, or a sum equal in value to such portion, shall be taxed against the owner of said building or grounds." 19 Stat. 85, 399.

Upon the construction most favorable to the appellant, these statutes exempt nothing from taxation beyond church buildings and grounds actually occupied for such buildings, and the lands or grounds appurtenant to any such building, so far as reasonably needed and actually used for its convenient enjoyment for its legitimate purpose. Even parts of the exempted buildings

and lands, if used to secure a rent or income, or for any business purpose, are taxable.  But land which is neither actually occupied for a church building, nor reasonably needed and actually used for the convenient enjoyment of the building as a church, is not exempt from taxation, whether it is used for any other purpose or not.

We are not disposed to deny that grounds left open around a church, not merely to admit light and air, but also to add to its beauty and attractiveness, may, if not used or intended to be used for any other purpose, be exempt from taxation under these statutes.

But upon the uncontroverted facts of the present case it was not only unnecessary for the enjoyment of the church that the F Street lots should remain vacant, but the very reason for placing the church to the northward of these lots, instead of putting it in the middle of the whole land controlled by the ecclesiastical authorities, was to enable a revenue to be derived from the lease or sale of these lots.  Under such circumstances, these lots were not exempt from taxation, even before they had been actually so leased.

The objection, taken in argument, that the act of March 3, 1877, is unconstitutional, because it provides that the tax upon all lands within the District of Columbia, outside of the cities of Washington and Georgetown, and held and used solely for agricultural purposes, shall be a dollar and a quarter on the hundred, and upon all other real and personal property in the District, not expressly exempted, a dollar and a half on the hundred, is founded on a misunderstanding of the case of *Loughborough* v. *Blake*, 5 Wheat. 317.

The point there decided was that an act of Congress, laying a direct tax throughout the United States in proportion to the census directed to be taken by the Constitution, might comprehend the District of Columbia; and the power of Congress, legislating as a local legislature for the District, to levy taxes for District purposes only, in like manner as the legislature of a State may tax the people of a State for State purposes, was expressly admitted, and has never since been doubted.  5 Wheat. 318; *Welch* v. *Cook*, 97 U. S. 541; *Mattingly* v. *District of*

*Columbia*, 97 U. S. 687. In the exercise of this power, Congress, like any State legislature unrestricted by constitutional provisions, may at its discretion wholly exempt certain classes of property from taxation, or may tax them at a lower rate than other property.

*Decree affirmed.*