## 9123.

FRIPP *ET. AL.*, TOWNSHIP COMMISSIONERS, v. COBURN *ET AL.*, COUNTY COMMISSIONERS.

(85 S. E. 774.)

MUNICIPAL CORPORATIONS. COUNTIES. BONDS. LEGISLATIVE POWER. CONSTITUTIONAL LAW.

1. CONSTITUTIONAL LAW—POWER OF LEGISLATURE.—The Constitution of the State is a restraint of power, and the legislature may enact any law not prohibited thereby.

2. TOWNS—BONDS—ISSUANCE.—An act validating an election authorizing the issuance of bonds by two townships, and providing for the issuance of the bonds and their payment, is not invalid (Const., art. X, sec. 5), vesting power to issue bonds in townships, not precluding their issuance by the legislature.

3. TOWNS—ISSUANCE OF BONDS—LEGISLATURE—POWER.—That Const., art. X, sec. 6, provides that the General Assembly may not authorize any county or township to issue bonds except for educational purposes, to build and repair roads, buildings, and bridges, etc., does not preclude the legislature itself from providing for the issuance of township bonds to construct bridges.

4. COUNTIES—ISSUANCE OF BONDS—LEGISLATURE—POWER.—Const., art. X, sec. 13, declaring that the General Assembly shall provide for the assessment of all property for taxation, and that State, county, township, etc., and all other taxes, shall be levied on the same assessment, does not preclude the legislature from directing the issuance of township bonds to build a bridge; the regular assessment not being interfered with.

5. CONSTITUTIONAL LAW — TOWNS — BONDS — DUE PROCESS OF LAW — WHAT CONSTITUTES.—An act validating an election, whereby the majority of the voters in two townships voted to issue bonds to construct a bridge and providing for the issuance of the bonds, is not in violation of Const., art. I, sec. 5, prohibiting the deprivation of

property without due process of law, for as the legislature could have authorized the issuance of bonds without an election, the bonds were issued by due process.

6. CONSTITUTIONAL LAW—EQUAL PROTECTION OF THE LAW.—In such case, the act did not deprive persons in the townships of the equal protection of the law, contrary to Const., art. I, sec. 5, for the legislature could, as it did, have consolidated the townships for the purpose of the bond election.

7. CONSTITUTIONAL LAW—VALIDITY OF STATUTES—PRESUMPTIONS.—There is a presumption in favor of the constitutionality of legislative enactments, and a statute authorizing the issuance of township bonds cannot be held invalid on the theory that the bonds would exceed the limit of indebtedness prescribed by Const., art. X, sec. 5, where there was no proof of that fact.

Before MEMMINGER, J., Beaufort, July, 1914.    Reversed.

Action by E. W. Fripp and others, as Township Commissioners of St. Helena township, and also individually, against R. A. Coburn and others, as County Commissioners of Beaufort county. From a judgment for plaintiffs, defendants appeal on the following exceptions:

1. Because his Honor erred in deciding and holding that it was necessary that a majority of the electors voting in each of the townships of Beaufort and St. Helena should have voted in favor of the bond issue of eighty thousand ($80,000.00) dollars before the bonds could be issued, when he should have held that since a majority of the electors, at an election held for the purpose of determining whether the bonds should be issued or not, voting in both townships taken together voted in favor of the issue of the bonds, under the terms of the act entitled "An act to empower Beaufort and St. Helena townships of Beaufort county to issue bonds for the purpose of building a bridge and approaches from the town of Beaufort to Ladies Island and to provide for their payment," approved the 18th day of February, 1911, page 291, the bonds should be issued.

2. Because his Honor erred in deciding and holding that the act authorizing the issue of the bonds is unconstitutional,

in that it provided that if a majority of the electors voting in said election in the two townships of Beaufort and St. Helena taken together, voted in favor of the issuing of the bonds, then the bonds should issue, instead of providing for a majority vote in each township taken before the bonds could issue.

3. Because his Honor should have held that the said act is constitutional, and that since the terms of the act have been complied with and said election confirmed and validated by an act entitled "An act to validate and confirm the election and all acts of Beaufort and St. Helena townships of Beaufort county in relation to the issuance of certain bonds for the purpose of building a bridge and approaches from the town of Beaufort to Ladies Island, and make provisions for their payment and retirement at maturity," approved February 28th, 1914 (see Acts of 1914, page 860), and since the two townships have sufficient taxable property, as is shown by the complaint and return, comply with the constitutional provisions, in reference to the issuing of the bonds, the bonds should issue, and his Honor, therefore, erred in not refusing to grant the temporary injunction.

4. Because his Honor erred in not refusing to grant the temporary injunction on the grounds set forth in the return herein.

5. Because his Honor erred in granting the temporary injunction, since no constitutional provision would be violated by the issuing of the bonds.

*Mr. Tho. Talbird,* for appellant, submits: *The statute in question was a proper exercise of legislative power:* 16 Wall. 667; 83 S. C. 88; 30 S. C. 579; 89 S. C. 545; 71 S. E. 520; 23 S. C. 57; 89 S. C. 113; 115 U. S. 331; 170 U. S. 311.

*Mr. J. P. K. Bryan,* for respondents, submits: *The bonds are for a corporate purpose:* 89 S. C. 545, 549; 103 U. S. 562, 570. *Const., art. X, sec. 5, limits legislative power:* 101 U. S. 407, 411; 116 U. S. 356, 363; 120 U. S. 759; 30 S. C. 1, 14, 15, 16; 30 S. C. 579; 30 S. C. 586, 604; 33 S. C. 410, 413. *Cases reviewed:* 83 S. C. 88; 83 Fed. Rep. 396, 397; 89 S. C. 545, 547; 71 S. E. 520; 170 U. S. 311; 35 Atl. 24; 68 Conn, 131. *Limitation on bonded indebtedness:* Abbott, Public Securities, pp. 128, 129; 89 N. E. 569. *Validating act cannot cure constitutional objections:* 30 S. C. 579; 30 S. C. 587; 80 S. C. 520.

July 8, 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

In 1911 the General Assembly of this State passed "An act to empower Beaufort and St. Helena townships in Beaufort county to issue bonds for the purpose of building a bridge and approaches from the town of Beaufort to Ladies Island and to provide for payment." Act February 18, 1911 (27 St. at Large, p. 291).

That act provided for an election to be held in the two townships before the bonds should be issued. The election was held, and the majority in St. Helena voted against the bonds. The majority in Beaufort township was in favor of the bonds. Taking the whole vote, the majority was in favor of the bonds. In 1914 another act was passed, entitled "An act to validate and confirm the election and all acts of Beaufort and St. Helena townships of Beaufort county in relation to the issuance of certain bonds for the purpose of building a bridge and approaches from the town of Beaufort to Ladies Island and make provision for their payment and retirement at maturity." Act February 28, 1914 (28 St. at Large, p. 860).

This is a proceeding to enjoin the issuance of the bonds on the ground that the act authorizing the issuance of said

bonds is unconstitutional and in violation of the following provisions of the Constitution:

Section 5, art. X: "The corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

Section 6, art. X: "The General Assembly shall not have power to authorize any county or township to levy a tax or issue bonds * * * except for educational purposes, to build and repair public roads, buildings and bridges, to maintain and support prisoners, pay jurors, county officers, and for litigation, quarantine and Court expenses, and for ordinary county purposes, to support paupers, and pay past indebtedness."

Section 13, art. X: "The General Assembly shall provide for the assessment of all property for taxation; and State, county, township, school, municipal and all other taxes shall be levied on the same assessment, which shall be that made for State taxes; and the taxes for the subdivisions of the State shall be levied and collected by the respective fiscal authorities thereof."

Section 5, art. I: "The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor should any person be deprived of life, liberty or property without due process of law, nor should any person be denied the equal protection of the law."

Section 7, art. I: "No tax, subsidy, charge, impost tax or duties shall be established, fixed, laid or levied, under any pretext whatsoever, without the consent of the people or their representatives lawfully assembled."

And your petitioners further show that the said act, approved February 18, 1911, so constructed as aforesaid,

also violates section 1 of the fourteenth amendment of the Constitution of the United States, as follows:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The Constitution of the State is a restraint of power, and the legislature may enact any law not prohibited by the Constitution.

1. This act is not prohibited by article X, section 5. The power vested in the township to issue bonds does not prohibit the legislature from exercising a similar power.

2. The legislature is not divested of power to direct the issuance of these bonds by article X, section 6, because the purpose is to build a bridge and its approaches, as these are specifically provided for.

3. The legislature is not prohibited from directing the issuance of these bonds, by article X, section 13, because the regular assessment is not interfered with.

4. Article I, section 5, is not violated because the bonds were issued by due process of law. Nor were the bonds issued without equal protection of the law. The legislature could have ordered the issuance of the bonds without an election. It had the right to create new townships or consolidate old townships, either permanently or for a special purpose. It did consolidate these two townships for the purpose of this election and the issuance of these bonds.

5. The further question is raised that the issuance of these bonds will violate the following provision of article X, section 5:

"The bonded debt of any county, township, school district, municipal corporation or political subdivision of this State shall never exceed eight per centum of the assessed value of all the taxable property therein."

6. The tax was levied by the lawful representatives.

The presumption is in favor of the constitutionality of an act of the legislature. It has not been made to appear that the bonded indebtedness, after the issuance of these bonds, will exceed the constitutional limit.

The judgment is reversed.