15066

ELLERBE v. DAVID, COUNTY TREASURER, *ET AL.*

(8 S. E. (2d), 518)

October, 1938.

*Messrs. Stevenson & Lindsay,* for appellants,

334

*Mr. H. I. Ellerbe,* for respondent,

April 15, 1940.

The opinion of the Court was delivered by MR. E. H. HENDERSON, ACTING ASSOCIATE JUSTICE.

In the year 1937 a severe hail storm visited portions of Marlboro County, and inflicted damage to crops.

The following year the General Assembly passed joint resolutions exempting from 1937 taxes, other than State taxes, the property of taxpayers residing in certain school districts of the county, who suffered damage from hail in that year. The county treasurer was authorized to borrow sufficient money to refund the 1937 taxes which had been paid by the hail sufferers, and provisions were made for the levy and collection of taxes for the repayment of the loan. Acts of February. 26 and May 9, 40 St. at Large, 1938, pages 2630 and 2631.

This action was begun in July, 1938, by the plaintiff on behalf of himself and of all other citizens and taxpayers of the county. He contended that the joint resolutions were in violation of nine sections of the Constitution of 1895, especially of Article 10, Section 1; and sought an injunction against the carrying out of the provisions of the resolutions.

The testimony in the case clearly shows that the exemptions did not apply to all of the school districts of the county; that the property exempted from taxation is owned

and used as private property; and that there were other citizens and taxpayers of the county who suffered hail storm damage in 1937, besides those in the school districts named in the resolutions.

The case was heard by his Honor, Judge E. C. Dennis, who held that the Joint Resolutions were unconstitutional, and a permanent injunction was granted.

In 1939, the General Assembly extended the terms of the joint resolutions until the case could be decided by this Court. Act March 17, 1939, Acts of 1939, 40 St. at Large, page 1327.

The very full power vested by the Constitution in the General Assembly in matters of taxation is set forth in the case of *Duke Power Company v. Bell,* 156 S. C., 299, 152 S. E., 865, 869: "The supreme legislative power of the State is vested in the General Assembly. *State v. Aiken,* 42 S. C., 222, 20 S. E., 221, 26 L. R. A., 345. The provisions of the State Constitution are not a grant but a limitation of legislative power, so that the Legislature may enact any law not expressly, or by clear implication, prohibited by the Constitution of the State or nation. *Fripp v. Coburn,* 101 S. C., 312, 85 S. E., 774. The power of taxation is a legislative power, and knows no limitations, except those imposed expressly or by plain implication in the State or Federal Constitution. 26 R. C. L., 86. 'The power to prescribe what property shall be taxed implies the power to prescribe what property shall be exempt, and in the absence of a special constitutional provision to the contrary, tte Legislature may exempt such classes of property from taxation as in its opinion the public policy of the State requires.' 26 R. C. L., 297, Section 262; *Gibbons v. District of Columbia,* 116 U. S., 404, 6 S. Ct., 427, 29 L. Ed., 680; Note 19 L. R. A., 78. Within such constitutional limitations 'the necessity, utility, and expediency of legislation are for the determination of the Legislature alone.' *Santee Mills v. Query,* 122 S. C., 158, 115 S. E., 202, 203. 'Every presumption must be indulged in favor of the constitution-

ality of an act of the Legislature, and to justify a Court in pronouncing legislation unconstitutional, the case must be so clear as to be free from doubt and the conflict of the statute with the Constitution must be irreconcilable.' *Santee Mills v. Query, supra.*"

The part of Article 10, Section 1, of the Constitution which is applicable to this case, is as follows: "The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property, real, personal and possessory, except mines and mining claims, the products of which alone shall be taxed; and also excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes."

Keeping in mind the provision for the taxation of all property, and the provision of equal force giving the Legislature full power to exempt property from taxation for municipal, educational, literary, scientific, religious or charitable purposes, the question is: Does the exemption from taxation of the private property of some of the hail sufferers of a county, who reside in certain of the school districts, fall within one of these purposes?

Manifestly, it could not be claimed that the exemption here is included within any of these purposes, unless it be a municipal or charitable purpose.

We do not think it could be regarded as a charitable purpose.

Such purposes have been defined to be eleemosynary purposes. 61 C. J., 455. "In its usual and ordinary sense, the word [charitable] has been held to mean pertaining to almsgiving or the relief of the poor, springing from, or intended for, charity; pertaining to or characterized by charity, benevolence, and kindness; also eleemosynary." 14 C. J. S., charitable, p. 407.

It was not seriously contended by the appellants that the Joint Resolutions are based upon a charitable purpose, but

the real contest, both before the Circuit Court and upon the appeal, centered around the question as to whether or not the exemption is for a municipal purpose.

Though the word "municipal" is frequently used in connection with cities and towns, its meaning is very much more extensive. "The term 'municipal purposes' as used in this section of the Constitution is the equivalent of, or fairly embraces, county purposes; that is, an exemption for county purposes is an exemption for municipal purposes if within the scope of the legitimate governmental purposes of a county for which the Legislature may provide by law." *Duke Power Company v. Bell, supra.* A municipal purpose is defined "as a public or governmental purpose, as distinguished from a private purpose; a purpose intended to embrace some of the functions of government, local or general." 42 C. J., 1414. Applying the words "municipal purpose" in their very broadest sense, we do not think that the exemption of the property of the hail sufferers here is a public, or governmental, or county purpose, but is rather a private purpose. In exempting private property, privately used, individuals are benefited, not the public at large. The promotion of the interests of private individuals is essentially of a private nature, and is not a municipal purpose.

It is our opinion that his Honor, Judge Dennis, correctly held: "I have reached the conclusion that the exemptions in this case are not municipal, educational, literary, scientific, religious or charitable purposes. It seems clear to me that the exemptions are for private individuals, and that the Legislature is without authority under the Constitution to pass the resolutions involved in this case." And "that his exemption is a grant to private parties for private uses and is prohibited by the Constitution."

Another section of the Constitution relating to exemptions from taxation is Article 10, Section 4. There it is provided that certain kinds of property, such as county, school, and church property, and many other kinds shall be exempt. As the property of the hail sufferers is used for

private purposes only, that section in no way affects this case.

We think that in the two cases upon which the appellants chiefly rely, the exemptions were clearly for municipal purposes. Those cases are quite different from the present one.

In the case of *Duke Power Company v. Bell, supra,* the property of manufactories locating in Lancaster County, with a capital of not less than $100,000.00 were exempted from all county taxes, except for school purposes, for a period of five years from the time of their establishment. The Court said that the ultimate object was "to promote the interests and to lighten the burden of the taxpayers of the County," and it was shown that if no manufactory accepted the offer the burden of the taxpayers would remain precisely the same; but if new enterprises were established the taxable property of the county would eventually be increased, and so bring about a benefit to the county as a whole.

In the case of *Chester County v. White,* 70 S. C., 433, 50 S. E., 28, 33, an Act exempted from taxation bonds issued by the county to refund its outstanding bonded indebtedness. The Court upheld this Act as being for a municipal purpose, and said: "The bonds are to be converted into money for the exclusive use of the county for an admittedly public and corporate purpose."

In view of our decision with reference to Article 10, Section 1, of the Constitution, it will not be necessary for us to consider the other sections mentioned by the plaintiff in his complaint.

Our conclusion is that the exemptions provided for in the Joint Resolutions are not within the purposes set forth in Article 10, Section 1, of the Constitution, and that they are invalid and of no effect, as being in conflict with the supreme law of the State.

The judgment of the Circuit Court is accordingly affirmed.

Judgment affirmed.

Mr. Chief Justice Bonham and Messrs. Justices Carter and Fishburne and Mr Acting Associate Justice J. Henry Johnson concur.