**COMBINED CONGREGATIONS OF THE DISTRICT OF COLUMBIA v. DENT, Assessor of the District of Columbia.**

No. 8375.

United States Court of Appeals District of Columbia.

Argued Nov. 3, 1943.

Decided Dec. 20, 1943.

Mr. Herman Miller, of Washington, D. C., for appellant.

Mr. Vernon E. West, Principal Assistant Corporation Counsel, D. C., of Washington, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, D. C., and James W. Lauderdale, Assistant Corporation Counsel, D. C., both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

Appellant brought this action in the District Court to remove certain property belonging to it from the tax rolls. This appeal is taken from a final order of the court below dismissing the complaint.

Appellant, a corporation organized for the benefit of the Hebrew Congregations of Orthodox Faith in the District of Columbia, is vested with the power to supervise the maintenance of ceremonial baths called the "Mickva". The complaint alleges that each Jewish congregation is required by Mosaic Law to maintain such baths. The rite is conducted in a building separate from the synagogue. Since zoning regulations in the District of Columbia do not permit a "Mickva" to be established adjacent to synagogues in residential districts, the building involved in this case has been established in a commercial zone. It is used for religious purposes by all of the Orthodox Jewish congregations in the District of Columbia.

The relevant portion of the statute under which this property is claimed to be exempt from taxation (Section 47—801, D.C.Code 1940)[1] reads as follows:

"The property exempt from taxation shall be the following and no other (except as otherwise specifically provided in this code), namely: First, the Corcoran Art Building, free public library buildings, churches, the Soldiers' Home, and grounds actually occupied by such buildings; secondly, houses for the reformation of offenders, almshouses, buildings belonging to institutions of purely public charity, conducted without charge to inmates, profit, or income; cemeteries dedicated and used solely for burial purposes and without private income or profit; * * *. So, also, shall every rectory, parsonage, glebe house, and pastoral residence which is occupied as a residence by the pastor, rector, minister, or rabbi be so exempt from taxation in the District of Columbia: Pro-

[1] Repealed December 24, 1942, 56 Stat. 1091, c. 826, Sec. 7 (c, g). The existing statute is § 47—801a, D.C.Code (Supp. 1943). See sub-sections (m), (n).

vided, That such rectory, parsonage, glebe house, or pastoral residence be owned by the church or congregation for which the said pastor, rector, minister, or rabbi officiates: And provided further, That not more than one such rectory, parsonage, glebe house, or pastoral residence shall be so exempt for any one congregation."

The sole question here is whether a building for ceremonial baths can properly be called a church as the term is used in the statute. No doubt it is part of the "church" in the broad sense of the word where it is used to describe the institution and its activities. But the statute does not use the word in that sense. Parsonages and rectories are specifically exempted, with certain limitations, which indicates that other buildings used for church activities apart from the church itself are taxable. The statute does not generally exempt buildings used for religious activities. It exempts only the specific kind of building which is ordinarily called a "church".

 Since the statute refers to the building rather than to the institution it is difficult to see how a structure which contains only a ceremonial bath can come within the ordinary meaning of the word "church" or "synagogue". No one who was told to go to the synagogue would likely go to a separate building housing the "Mickva". We think of a church as a place for the congregation to gather periodically for public worship. Close cases no doubt exist. For example, a shrine is not ordinarily considered as a church, yet it would be difficult to distinguish between the two as a matter of pure logic if congregations occasionally assembled at the shrine. However, this is not one of those close cases. There is no public worship in the "Mickva" and the building is separate from the synagogue. To include it within the exemption would be to construe the statute broadly, which is not the rule where tax exemptions are concerned.[2]

██ The complaint alleges that from 1921 to 1926 there was a synagogue as well as a "Mickva" on this property. Certainly a church which provided in the basement a place where small children

could be entertained would not thereby lose its character as a church. Nor would a synagogue lose its character as a church if a "Mickva" were attached. However, we cannot tell from the petition whether the structure or structures then existing were of such a character that all or a part of the property should have been exempted during those years.[3]

The ruling of the trial court denying the motion for summary judgment and dismissing the amended complaint was correct. However, since we think appellant should be given an opportunity to amend if it can state facts sufficient to support a complaint for the years 1921 to 1926, the order dismissing the amended complaint will be modified so as to allow appellant to amend as above indicated within 20 days after the issuance of our mandate; otherwise the order to stand affirmed.

Affirmed and modified.

---

[2] See Phoenix Fire & Marine Ins. Co. v. Tennessee, 1896, 161 U.S. 174, 177, 16 S.Ct. 471, 40 L.Ed. 660; Yazoo & Miss. Valley R. Co. v. Adams, 1901, 180 U.S. 1, 22, 21 S.Ct. 240, 45 L.Ed. 395.

[3] Gibbons v. District of Columbia, 1886, 116 U.S. 404, 6 S.Ct. 427, 29 L. Ed. 680, holds that grounds around a church building, if vacant to admit light and air, and for beauty, are exempt.