## HEBREW HOME FOR THE AGED v. DISTRICT OF COLUMBIA.

### No. 8622.

United States Court of Appeals
District of Columbia.

Submitted April 4, 1944.

Decided May 8, 1944.

Messrs. Simon Hirshman and Norman Fischer, both of Washington, D. C., were on the brief for petitioner.

Messrs. Richmond B. Keech, Corporation Counsel, D. C., Vernon E. West, Principal Assistant Corporation Counsel, D. C., and Glenn Simmon, Assistant Corporation Counsel, D. C., all of Washington, D. C., were on the brief for respondent.

Before GRONER, C. J., and MILLER and EDGERTON, JJ.

EDGERTON, J.

The Hebrew Home for the Aged asks review of a decision of the Board of Tax Appeals for the District of Columbia which upheld tax assessments for 1941 and the first half 1942.

According to the Board's findings, both the Home and the Jewish Social Service Agency are public charities. In 1939 the Home leased land to the Agency for twenty years. The lessee agreed to pay a nominal rent of $1 a year and to erect a building in accordance with plans and specifications to be approved by the lessor. "At the expiration of the term" this building was to "be and become the property of the lessor." A building worth $25,000 was erected and used by the lessee and has been assessed to the lessor.

The District of Columbia Code provides that real property "shall be as-

sessed in .the name of the owner."[1] The Code exempts from taxation, with certain exceptions, "buildings belonging to institutions of purely public charity * * *." The principal exception is that "if any portion of any such building, house, grounds * * * is larger than is absolutely required and actually used for its legitimate purpose and none other, or is used to secure a rent or income * * * such portion * * * shall be taxed against the owner of said building or grounds *. * *."[2] If the Home is the owner of the building, and it is larger than is required and used for the Home's purpose or is used to secure income, within the meaning of these Code provisions, the building is properly assessed to the Home. The fact that the lessee is also a public charity does not exempt the building from taxation.

When a lessee of land erects a permanent building the lessor owns it.[3] His ownership attaches immediately whether or not he derives immediate benefit from it. The apparent purpose of the covenant in the lease, that at the expiration of the term the building would "be and become" the property of the lessor, was not to change the ownership in the meantime but to preclude any claim on the part of the lessee that the lessor should pay the cost or value of the building. No agreement that the lessee should be regarded as owner, either in general or for assessment purposes, during the term of the lease can fairly be read into this covenant.[4] We need not consider whether such an agreement, if made, would be effective to prevent the District of Columbia from assessing the lessor.

Exemptions from taxation are construed strictly.[5] Since the building and the ground on which it stands are used for the purposes of the Agency, and not for those of the Home, they are "larger than is absolutely required and actually used" for the Home's "legitimate purpose and none other."[6] Therefore the building was not exempt from taxation. We need not consider whether it was used to secure income.

Affirmed.

---

[1] D.C.Code (1940) § 47—701.

[2] D.C.Code (1940) § 47—801. The Act of December 24, 1942, 56 Stat. 1089, D.C.Code 1940, § 47—801a et seq., is not applicable in this suit.

[3] Kutter v. Smith, 69 U.S. 491, 2 Wall. 491, 17 L.Ed. 830.

[4] People ex rel. International Navigation Co. v. Barker, 153 N.Y. 98, 47 N. E. 46.

In a separate covenant the lessee Agency agreed "to pay, on the first day of October of each year, on presentation to it of proper tax bills, any taxes, general or special, which may be levied or assessed by the District of Columbia, or the Federal Government in connection with the use by the lessee of the land herein leased and the building to be erected thereon." This covenant does not imply that taxes are to be assessed to the lessee.

[5] National Rifle Ass'n of America v. Young, 77 U.S.App.D.C. 290, 134 F.2d 524. Cf. Combined Congregations of District of Columbia v. Dent, — U.S. App.D.C. —, 140 F.2d 9.

[6] Gibbons v. District of Columbia, 116 U.S. 404, 6 S.Ct. 427, 29 L.Ed. 680.