### BETHEL PENTECOSTAL TABERNACLE, Inc.

v.

### DISTRICT OF COLUMBIA.

#### No. 1485.

Municipal Court of Appeals for the District of Columbia.

Argued April 26, 1954.

Decided June 9, 1954.

David S. Allshouse, Washington, D. C., with whom T. Paul Mudd, Washington, D. C., was on the brief, for appellant.

Henry E. Wixon, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and C. Belden White, II, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, a religious corporation, paid under protest real estate taxes assessed by the District of Columbia for the fiscal year beginning July 1, 1948, and has sued to recover the amount paid. It claims that the property was exempt from taxation under Code 1951, 47–801a, which provides:

"The real property exempt from taxation in the District of Columbia shall be the following and none other: * * *. (m) Churches, including buildings and structures reasonably necessary and usual in the performance of the activities of the church. A church building is one primarily and regularly used by its congregation for public religious worship." The trial court found that the taxes were validly assessed and denied recovery.

The property in question, a church and Sunday school building, which will hereafter be referred to as the Twelfth Street property, was formerly owned by an Episcopal Church. In May 1948 appellant, which then owned and occupied a church building hereafter called the North Capitol Street property, agreed to buy the Twelfth Street property from the Episcopal Church. Deed conveying title was executed May 26, 1948, but was not delivered until July 30 and was recorded August 9.[1] Delay in delivery of the deed was due to some difficulty encountered in the sale of appellant's North Capitol Street property. Despite the delay in completion of the sale, appellant received permission in May to enter the Twelfth Street property for the purpose of removing trash and rubbish and making a general clean-up of the buildings preparatory to renovation of the property by a contractor. The cleaning work was done by appellant's pastor and members of the congregation, who in groups numbering from two to twenty-one gathered at the building at irregular intervals. On these occasions those present would have a prayer, sing a song or two, and then proceed with the work. This preliminary work was completed in July. The contractor then began his work which was not completed until January 1949. During the period from May 1948 to January 1949 appellant's congregation, which numbered from 200 to 300 active and inactive members, held its regular services in the North Capitol Street property. The first regular service in the Twelfth Street property was held on January 16, 1949.

1. Appellant's brief states that the deed was received May 26, but this statement has no basis in the record.

Both parties agree that July 1, 1948, the beginning of the taxable year, is the critical date. Appellant contends that on that date the Twelfth Street property was exempt from taxation because it was "being cleaned and repaired with members of appellant's congregation holding regular church services therein." In our opinion this contention is unsound. The exempting statute defines a church building as "one primarily and regularly used by its congregation for public religious worship." In July 1948 and for many months thereafter appellant's congregation regularly used the North Capitol Street property for its public worship. The use of the Twelfth Street property was irregular and the small portion of the congregation who gathered there came primarily for work and not for worship. "Exemptions from taxation are construed strictly." Hebrew Home For The Aged v. District of Columbia, 79 U.S. App.D.C. 64, 142 F.2d 573, 574. To hold that property which is being prepared for use as a church is the same as property which is being used as a church would be a distortion of the plain language of the statute.[2]

Aside from the question of primary and regular use, appellant's claim to exemption on July 1, 1948, must fail for another reason. Under the statute "concurrence of ownership and use is essential to the exemption of a church building." Trustees of St. Paul Methodist Episcopal Church South v. District of Columbia, D. C.Cir., 212 F.2d 244. On July 1, 1948, appellant was not the owner of the Twelfth Street property. It then had an agreement to buy but the agreement was not consummated, that is, the deed was not delivered, according to the best recollection of appellant's pastor, until July 30. There was no concurrence of ownership with primary and regular use on July 1, 1948.

Affirmed.

2. It may be noted that the North Capitol Street property was exempted from taxation and that the Twelfth Street property since the taxable year in question has been in a tax exempt status.