**WORKSHOP CENTER OF THE ARTS,**
a corporation, Appellant,

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 2193.

Municipal Court of Appeals for the
District of Columbia.

Argued June 23, 1958.

Decided Oct. 28, 1958.

T. S. L. Perlman, Washington, D. C.,
for appellant.

Leo J. Ehrig, Jr., Asst. Corp. Counsel,
with whom Chester H. Gray, Corp. Counsel,
Milton D. Korman, Principal Asst. Corp.
Counsel, and Henry E. Wixon, Asst. Corp.
Counsel, were on the brief, for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Workshop Center of the Arts, a corporation, brought this action against the
District of Columbia to recover real estate
taxes paid during the years 1952 to 1955,
inclusive, on property owned by the Workshop and in which it carried on its activities.[1] The theory of its action is that its
property was exempt from taxation and
that the taxes were illegally assessed and
were paid under duress. The trial court
denied recovery and the Workshop has
appealed. Before considering the errors
claimed by the Workshop, we must first
consider the District's assertion that the
trial court lacked jurisdiction of the action.

The claim of the Workshop to exemption
was based on the Act of 1942, which provides:

"The real property exempt from
taxation in the District of Columbia
shall be the following and none other:

---

1. The Workshop has since ceased operation and its property has been sold under foreclosure.

\* \* \* \* \* \*

"(j) Buildings belonging to and operated by schools, colleges, or universities which are not organized or operated for private gain, and which embrace the generally recognized relationship of teacher and student." Code 1951, § 47–801a.

The same Act provides:

"Any institution, organization, corporation, or association aggrieved by any assessment of real property deemed to be exempt from taxation under the provisions of sections 47–801a to 47–801f may appeal therefrom to the Board of Tax Appeals for the District of Columbia in the same manner and to the same extent as provided in sections 3 and 4 of title IX of the District of Columbia Revenue Act of 1939, as amended: *Provided, however,* That payment of the tax shall not be prerequisite to any such appeal." Code 1951, § 47–801e.

The position of the District is that the appeal to the Board of Tax Appeals (now known as the District of Columbia Tax Court) constitutes the exclusive remedy for one "aggrieved by any assessment on real property deemed to be exempt from taxation;" and that because the Workshop took no such appeal when its claim to exemption was denied, it thereby lost its only available remedy and the Municipal Court lacked jurisdiction to afford a remedy. The Workshop contends that its remedy by appeal to the Tax Court was not exclusive but merely cumulative, and that it has a common-law remedy to recover taxes illegally assessed and paid involuntarily and under duress.

The Workshop relies upon Lindner v. District of Columbia, D.C.Mun.App., 32 A.2d 540, where we held that the creation of the Board of Tax Appeals afforded the

taxpayer a new and cumulative remedy, but did not destroy the common-law right to sue for the recovery of taxes paid under compulsion. That case did not involve the statute here under consideration and is not controlling. The Workshop also relies on Bethel Pentecostal Tabernacle, Inc. v. District of Columbia, D.C.Mun.App., 106 A.2d 143, wherein we affirmed a judgment denying recovery of taxes paid on property claimed to be exempt. Although the present statute was there involved, the question here raised was not raised there, was not considered, and not decided.

The District of Columbia relies on Congregational Home of District of Columbia v. District of Columbia, 92 U.S.App.D.C. 73, 76, 202 F.2d 808, 811, involving a claim to exemption, where it was said that after the property had been finally assessed "the only relief available to a taxpayer, either from an incorrect valuation or from the wrongful assessment of property thought to be exempt, is by appeal to the Board of Tax Appeals." We do not think that case is controlling, for there the taxes had not been paid and of course until paid there could be no action to recover.

We treat the question here as novel and uncontrolled by any prior decision.[2] The 1942 Act set forth various classifications of real property which should be exempted provided the property was used for specified purposes; and provided that one aggrieved by an assessment of property deemed to be exempt might appeal to the Board of Tax Appeals. As we pointed out in the Lindner case, supra, a statute creating a right may provide an exclusive remedy for its enforcement. The claimed right of exemption here is, of course, purely statutory and the same Act which created the right provided a remedy, and we think such remedy is exclusive. In the Lindner case, holding an appeal to the Tax Board not to be an exclusive remedy, we laid stress

---

2. See District of Columbia v. Mt. Vernon Seminary, 69 App.D.C. 251, 100 F.2d 116, where recovery was allowed of taxes paid on exempt property. That case, however, arose and was decided prior to the Act of 1942.

on the fact that a condition precedent to an appeal to the Board was payment within ninety days after notice of assessment and that if such an appeal constituted the exclusive remedy then the taxpayer who was unable to pay within that time would be without a remedy. That reasoning has no application to the present case because the 1942 Act expressly provides that payment of the tax on property claimed to be exempt "shall not be prerequisite" to an appeal to the Board of Tax Appeals. Thus the owner of property claimed to be exempt may on notice of assessment appeal without paying the contested taxes. We believe that this concession of appealing without prepayment of taxes indicates that Congress intended this remedy to be an exclusive one.

■ Except in cases of absolute exemption, with which we are not here concerned, exemption in each year is dependent on a factual situation, i. e., the use to which the property is put, and annual reports are required by the owners. The original determination of exemption or absence thereof is largely an administrative question for the assessing authorities. "Administrative review" [3] is available in the Tax Court and review of its decision is available in the United States Court of Appeals for the District of Columbia.[4] The statute thus provides an efficient and expeditious method of determination of the rights of the parties and denies no substantive right. We think it is evident that prompt settlement of exemption claims is desirable from the viewpoint of both the property owner and the District, and that Congress intended that a claim to exemption be pursued in accordance with the provisions of the Act. Such procedure avoids the situation of the present case where no appeal was taken when the exemption was denied, the taxes were paid, and three years later, after the property has been sold and the activities of the corporation have ceased, the claim to exemption is again advanced.

Our conclusion is that the Act of 1942, creating the exemptions, provided an adequate and exclusive remedy for review of the action of the assessing authorities, and that the trial court lacked jurisdiction of this action. In view of this conclusion, we do not reach the questions raised by appellant.

Remanded with instructions to vacate the judgment and dismiss for lack of jurisdiction.

3. Trustees of St. Paul Methodist Episcopal Church South v. District of Columbia, 94 U.S.App.D.C. 78, 82, 212 F.2d 244, 248.

4. Code 1951, Supp. VI, § 47–2404.