**Earl GREEN, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

No. 3826.

District of Columbia Court of Appeals.

Argued May 31, 1966.

Decided July 5, 1966.

Rehearing Denied July 22, 1966.

Carroll F. Tyler, Jr., Washington, D. C., for appellant.

John R. Hess, Asst. Corporation Counsel, with whom Milton D. Korman, Acting Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant was convicted under a multiple count information charging him with willfully attempting to evade payment of District of Columbia income taxes. He appeals on the sole ground that the taxing statute is unconstitutional. This same ground was the basis of a motion in the trial court to dismiss the information. That motion was denied by Judge Malloy in the following language:

> The defendant, Earl Green, is charged with violating Section 6(a) of the District of Columbia Income and Franchise Tax Act of 1947, Title 47, Section 1589e (a), D.C.Code, 1961.
>
> The defendant has filed a Motion to Dismiss the Information filed against him. His principal contention is that the above Act is unconstitutional, in that defendant by being taxed by the Congress of the United States, a representative body of the citizens of the United States, in which defendant, due to his choice of residence in the District of Columbia is not represented on the basis proportionate to the census as prescribed in Article I, Section 2, Clause 3 of the Constitution, as afforded by Amendment XIV, Section 2.
>
> The defendant's position is untenable. The power in Congress to lay and collect taxes in the District of Columbia has been specifically granted by the Constitution[1] and has been judicially determined by the Supreme Court of the Unit-

---

1. Article I, Section 8, Clause 17.

ed States as a power granted by the framers of the Constitution with a full cognizance of the principle of "taxation without representation".

In Loughborough v. Blake, 18 U.S. (5 Wheat) 317, 319–320, 5 L.Ed. 98 (1820), in answer to the precise question, "Has Congress the right to impose a direct tax on the District of Columbia?" Chief Justice Marshall states:

" * * * The 20th section of the first article declares, that 'representatives and direct taxes shall be apportioned among the several states * * *'. The object of this regulation is, we think, to furnish a standard by which taxes are to be apportioned, not to exempt from their operation any part of our country. Had the intention been to exempt from taxation those who were not represented in Congress, that intention would have been expressed in direct terms. The power having been expressly granted, the exception would have been expressly made. But a limitation can scarcely be said to be insinuated. The words used do not mean that direct taxes shall be imposed on states only which are represented, or shall be apportioned to representatives; but that direct taxation, in its application to states, shall be apportioned to numbers. Representation is not made the foundation of taxation * * *."

In Gibbons v. District of Columbia, 116 U.S. 404, 407, 6 S.Ct. 427, 29 L.Ed. 680 (1886), the Court stated "the power of congress, legislating as a local legislature for the district, to levy taxes for district purposes only, in like manner as the legislature of a state may tax the people of a state for state purposes, was expressly admitted, and has never since been doubted."

In Heald v. District of Columbia, 259 U.S. 114, 42 S.Ct. 434, 66 L.Ed. 852 (1922),

Justice Brandeis disposed of the very same contention made here by defendant, in the following language:

"Finally it is earnestly contended that the act is void, because it subjects the residents of the District to taxation without representation. Residents of the District lack the suffrage and have politically no voice in the expenditure of the money raised by taxation. Money so raised is paid into the treasury of the United States, where it is held, not as a separate fund for the District, but subject to the disposal of Congress, like other revenues raised by federal taxation. The objection that the tax is void, because of these facts, is fundamental and comprehensive. It is not limited in application to the tax on intangibles, but goes to the validity of all taxation of residents of the District. If sound, it would seem to apply, not only to taxes levied upon residents of the District for the support of the government of the District, but also to those taxes which are levied upon them for the support generally of the government of the United States. It is sufficient to say that the objection is not sound. There is no constitutional provision which so limits the power of Congress that taxes can be imposed only upon those who have political representation. And the cases are many in which laws levying taxes for the support of the government of the District have been enforced during the period in which its residents have been without the right of suffrage."

The defendant's motion is without merit; therefore, the defendant's motion to dismiss the Information is denied.

We are in full accord with the foregoing opinion of Judge Malloy.[2]

Affirmed.

2. See also the opinion of Judge Gasch of the United States District Court for the District of Columbia in Hobson et al. v. Tobriner et al., 255 F.Supp. 295, dated May 4th, 1966, wherein he said:

"It is clear that the absence of suffrage is not a bar to the power of Congress to tax the citizens of the District of Columbia, be it for local or national purposes."