## 19830

Mary S. HOLZWASSER, Respondent, v. Oren L. BRADY, Jr., as Treasurer of the County of Spartanburg, Appellant.

(205 S. E. (2d) 701)

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., Asst. Atty. Gen.,* of Columbia, and *Roy McBee Smith,* of Spartanburg, *for Appellant,*

*Neville Holcombe, Esq., of Holcombe, Bomar, Cureton & Wynn,* of Spartanburg, *for Respondent,*

May 23, 1974.

Moss, Chief Justice:

Mary S. Holzwasser, the respondent herein, owns a tract of land with a building thereon, located in Spartanburg County, which she leases to Arrow Automotive Industries, Inc. and is used by it for manufacturing purposes.

Manufacturers and persons who own and lease property to manufacturers are required to list and return such property to the South Carolina Tax Commission for assessment and equalization for *ad valorem* tax purposes pursuant to Sections 65-64(17) and 65-1647.1 of the Code, as amended. All property owners other than those required to list and return their property to the South Carolina Tax Commission are required to list and return property to the county auditor of the county in which the property is taxable. Section 65-1644 of the Code. The assessment of that property is by the county tax assessor or boards that have responsibility for the assessment and equalization of property within the respective counties. Sections 65-1502 and 65-1894.

The property of the respondent, which was being used for manufacturing purposes, was listed and returned by her to the South Carolina Tax Commission for the 1972 tax year. The Commission found the fair market value of the

property to be $288,000, and in accordance with Act No. 1266, Acts and Joint Resolutions for 1972, 57 Stats. 2467, applied a ratio of 9.5% to that value to ascertain the assessed or tax value of the property. By applying the percentage ratio above stated to the fair market value of the property, the tax value of the respondent's property for the 1972 tax year was $27,360, and by applying the fixed millage in said taxing district, resulted in a total tax in the amount of $5,302.37.

In Spartanburg County a ratio of 4.2% is applied to the fair market value of real property that is not assessed by the Tax Commission to determine the tax value of such real property. This ratio was arrived at under the authority of Act No. 1125, of the 1966 Acts of the General Assembly, 54 Stats. 2794, as amended, by Act No. 528, Acts of the 1967 General Assembly, 55 Stats. 940, and Act No. 1253, Acts of 1968, 55 Stats. 2837. By applying the fixed millage in said taxing district, the amount of taxes that would have been levied and collected from the respondent had her property been assessed by the use of the 4.2% ratio would have been $2,344.21. The difference between the tax levy measured by the 9.5% ratio and the 4.2% ratio was in the amount of $2,958.16.

The respondent paid to Oren L. Brady, Jr., as Treasurer of the County of Spartanburg, the appellant herein, under protest, taxes for the year 1972 in the sum of $5,-302.37, this being the amount arrived at under the 9.5 ratio, but now admits that she was only liable for taxes in the amount of $2,344.21, a tax measured by an assessment ratio of 4.2% of the value of her property.

The respondent commenced this action under Section 65-2662 of the Code, to recover the sum of $2,958.16, which exceeds $2,344.21, being the tax measured by an assessment ratio of 4.2% of the value of her property. She alleges that the application by the Tax Commission of the 9.5% ratio to value in assessing her property for taxation rather

than the 4.2% ratio used in assessing the real property in Spartanburg County by the local authority, resulted in the unequal and non-uniform taxation of properties of similar value to the detriment of the respondent, in violation of Article I, Section 5; Article III, Section 29; Article X, Sections 1, 3A and 5(1), of the South Carolina Constitution and Amendment XIV, Section I, of the United States Constitution.

The appellant demurred to the complaint on the ground that the Act providing for the assessment at a ratio of 9.5% of its fair market value of real property that is owned, leased to or used by a manufacturer and the Acts providing for an assessment at a ratio of 4.2% of the fair market value of other real property of a non-manufacturer and not assessed by the Tax Commission, were constitutionally valid legislative Acts classifying property for taxation.

The demurrer interposed by the appellant came on to be heard at the 1973 March Term of the Court of Common Pleas for Spartanburg County and was overruled. The trial judge held that so much of the Act as permits the taxation of the property of the respondent at a ratio higher than that applicable to locally assessed real property was unconstitutional, null and void, and the taxation at the 9.5% ratio abridged the requirement of uniformity and equality in taxation and thereby denied the respondent the equal protection of the laws. This appeal followed.

We are here concerned with two Acts of the General Assembly: one that property assessed by the South Carolina Tax Commission is to be taxed upon an assessment equal to 9.5% of its fair market value; and the other providing that property assessed by the Tax Assessor of Spartanburg County is to be taxed upon an assessment equal to 4.2% of its fair market value. The taxation of real property in Spartanburg County at the different ratios creates the question to be decided by this Court.

The respondent attacks the constitutionality of the statute under which her property was assessed and taxed. It is based on the due process and equal protection clauses of the State and Federal Constitution as well as pertinent provisions of the Constitution of this State, as follows:

Article III, Section 29:

"All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an assessment made for the purpose of laying such tax."

Article X, Section 1:

"The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property, real, personal and possessory, . . ."

Article X, Section 3A:

"All property subject to taxation shall be taxed in proportion to its value."

Article X, Section 5(1):

"The corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same . . ."

When considering whether an Act of the General Assembly is unconstitutional, we are governed by the guidelines set forth in *Cox v. Bates,* 237 S. C. 198, 116 S. E. (2d) 828, as follows:

"The supreme legislative power of the State is vested in the General Assembly; the provisions of our State Constitution are not a grant but a limitation of legislative power, so that the General Assembly may enact any law not expressly, or by clear implication, prohibited by the State or Federal Constitution; a statute will, if possible, be construed so as to render it valid; every presumption will be made in

favor of the constitutionality of a legislative enactment; and a statute will be declared unconstitutional only when its invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution. *Santee Mills et al. v. Query et al.,* 122 S. C. 158, 115 S. E. 202; *Clarke v. South Carolina Public Service Authority et al.,* 177 S. C. 427, 181 S. E. 481; *Ellerbe v. David et al.,* 193 S. C. 332, 8 S. E. (2d) 518; *Pickelsimer v. Pratt et al.,* 198 S. C. 225, 17 S. E. (2d) 524; *Moseley v. Welch,* 209 S. C. 19, 39 S. E. (2d) 133; *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316."

The General Assembly of this State under the Equal Protection Clause of both the State and Federal Constitutions has the right to classify both persons and property for taxation. It was so held in *Byrd v. Blue Ridge Rural Electrical Cooperative,* 215 F. (2d) 542, *certiorari* denied 348 U. S. 915, 75 S. Ct. 295, 99 L. Ed. 717, as follows:

"The fundamental rule is that the State legislature has the right to make reasonable classifications of persons and property for taxation purposes. It is elementary that if the classification bears a reasonable relation to the legislative purpose sought to be effected, and if all the members of each class are treated alike under similar circumstances, the equal protection clauses of the Constitutions are fully complied with. *Duke Power Co. v. Bell,* 156 S. C. [299] at page 318, 152 S. E. 865."

Article X, Section 1, of our Constitution requires "a uniform and equal rate of assessment and taxation." In *Newberry Mills v. Dawkins,* 259 S. C. 7, 190 S. E. (2d) 503, we held that this requirement has been interpreted, as follows:

"Generally, within constitutional limitations, the state has power to classify persons or property for purposes of taxation, and the exercise of such power is not forbidden by the constitutional requirement that taxation be uniform and

equal provided the tax is uniform on all members of the same class and provided the classification is reasonable and not arbitrary." 84 C. J. S. Taxation § 36, P. 112.

Section 65-64(17), 1973 Cumulative Supplement, authorizes the Tax Commissiin to assess "to the owner thereof all real or personal property leased to or used by a manufacturer" and requires the owner of such property to make a return to the Tax Commission. We find nothing in our Constitution that prohibits the General Assembly of this State from classifying property according to its use so long as such classification is reasonable and not arbitrary, and the tax imposed is uniform on the same class of property.

It clearly appears that it was the intent of the General Assembly of this State to place in a separate classification all property used in manufacturing whether owned by or leased to a manufacturer. The property of the respondent falls within this classification and the determination of its assessed value by the application of the 9.5% ratio was proper.

Legislative classifications in tax matters are presumptively valid, the burden being on the challenger to show that such a classification does not rest upon a reasonable basis. There is no allegation by the respondent of a lack of uniformity and equality within the class to which her property has been assigned. Absent any showing that the respondent's property has been assessed and taxed differently from other property within this classification, there is no denial of a uniform and equal rate of assessment and taxation.

The property of manufacturers or that leased to manufacturers is certainly devoted to a different use than that of other property and constitutes a reasonable basis for classification. It follows that the 1972 Act cannot be held to be unreasonable and arbitrary. We therefore conclude that the 9.5% assessment ratio applied to the property

of the respondent for taxation purposes in Spartanburg County does not violate any of the constitutional provisions relied upon by the respondent. We conclude for the reasons stated that the trial judge was in error in overruling the demurrer interposed by the appellant.

Reversed and Remanded.

Lewis and Littlejohn, JJ., concur.

Bussey and Brailsford, JJ., dissent.

Brailsford, Justice (dissenting) :

Being convinced that the disparate assessment of plaintiff's property offends the requirements of uniformity and equality in this field, written four tmies into the Constitution of 1895, I respectfully dissent. I am unable to better expound this view than by the following quotations from the able decree of the circuit court.

"That the Plaintiff is paying more than twice as much tax on a dollar's worth of her property as her neighbors are paying on a dollar's worth of theirs is quite obvious. The question is whether this disparity in the taxation of real property in the same taxing district meets the 'uniformity' test of the State Constitution.

"There are four uniformity clauses in the State Constitution.

"Article III, Section 29 provides as follows:

'All taxes upon property, real and personal, shall be laid upon the actual value of the property taxed, as the same shall be ascertained by an assessment made for the purpose of laying such tax.'

"Article X, Section 1, which is more specific, is the Constitutional mandate to the General Assembly to establish by law a system of property taxation in the State. It is the source of the authority of the General Assembly to enact Act No. 1266, which the Defendant's Demurrer defends as constitutional in this case. It provides, in part:

'The General Assembly shall provide by law for a *uniform and equal* rate of *assessment and taxation,* and shall prescribe regulations to secure a just valuation of taxation of all property, real, personal and possessory.'

"This Constitutional mandate to the General Assembly, it will be noted, specifically requires a 'uniform and equal' rate of *assessment,* as well as taxation, of all property.

"Article X, Section 3A, is clear and unambiguous. It provides that—

'All property subject to taxation shall be taxed in proportion to its value.'

"Spartanburg County derives its Constitutional power to levy taxes from Article X, Section 5(1), which provides in part as follows:

'The corporate authorities of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same (italics added) . . .'

"Stated another way, Spartanburg County may not be vested by the General Assembly with power to assess and collect taxes which are not uniform with respect to persons, as well as property, within the County.

"We have here a taxpayer who owns real property leased to a manufacturer. The tax on that property is measured by 9.5% of its value. Within a stone's throw are parcels of real property leased to a commercial printing establishment, an automobile sales and service agency, an automobile service station, retail stores, a bank, a cafeteria, a movie theatre, a bowling parlor and various service establishments and business offices. The tax on those parcels is measured by 4.2% of their value. Not only is there a lack of uniformity here with respect to property; there is also a lack of uniformity with respect to persons. Both types of discrimina-

tion are proscribed by Article X, Section 5(1) of the Constitution.

"It is universally held that, in areas of taxation where any classification is permissible, taxation must be equal and uniform *within* the class. . . .

.   .   .

"This principle is forthrightly recognized in the Defendant's Demurrer where the defense to the Plaintiff's action is based squarely and solely upon the proposition that 'The Constitution allows the General Assembly to classify property for purposes of taxation.'

"It is clear, then, that the lack of uniformity between Plaintiff's tax rate of 9.5% and her neighbors' tax rate of 4.2% can be upheld only if the Plaintiff's property and her neighbors' property were properly placed into two separate classifications for tax purposes.

"The impact on this case of *Newberry Mills, Inc. v. Dawkins, et al.,* 259 S. C. 7, 190 S. E. (2d) 503 (1972) should be noted at this point.

"In *Newberry Mills,* the property, both real and personal, of the Plaintiff, a manufacturer, had been assessed by the State Tax Commission at 10% of its value. For the same year, the County Tax Assessor had assessed all other real property in the County at 5% of its value, and all other personal property at 10% of its value. The Plaintiff appealed its assessment to the Tax Board of Review, which reduced the real property assessment ratio to 5%, in line with locally assessed real property in the County, but left the personal property ratio at 10%. The Plaintiff paid its tax under protest and brought an action under Section 65-2662 to recover. The Supreme Court held that it was constitutionally permissible to tax the Plaintiff's *personal* property at 10% of its value, while *real property* in the same county was taxed at 5% of its value.

"*Newberry Mills* did not expressly hold that it is constitutionally impermissible to tax manufacturers' real prop-

erty at a higher effective rate than the rate applicable to other real property in the same taxing district, for the Tax Board of Review had already decided that issue in the taxpayer's favor before the case reached court. *Newberry Mills,* however, did hold, by necessary implication, that all real property had to be taxed alike, and that all personal property had to be taxed alike, in the same taxing district. In that case, the Supreme Court said:

'The order of the Tax Board of Review requires the Commission to use the same ratios for manufacturers' realty and personalty as used by the local authorities for realty and personalty of other taxpayers. There is therefore equality and uniformity in the assessment as required by the Constitution and statutes.'

"Webster defines 'Therefore' as meaning 'for that reason.' What the Court is saying, then, is that manufacturers' real property was being taxed the same as all other real property, and that manufacturers' personal property was being taxed the same as all other personal property, and *for that reason,* there was equality and uniformity, as required by the Constitution. The clear converse of this proposition is that, if the realty of manufacturers had been assessed at a higher ratio than the realty of other taxpayers in the County, or if the personalty of manufacturers had been assessed at a higher ratio than the personalty of other taxpayers in the County, then the constitutional requirements of equality and uniformity would have been lacking.

"The Court said, in effect, that property may be classified for tax purposes into two categories—real and personal—without offending the equality and uniformity provisions of the State Constitution; but that any classification of real property or personal property into sub-categories, resulting in different rates in the sub-categories, would be unconstitutional. Under that ruling, the property of manufacturers, real or personal, cannot, in keeping with the Constitution, be put into a category that carries a higher tax rate than the

rate applied to like property, real or personal, of other tax-payers.

"If real property could be classified by the General Assembly into two sub-categories, one for manufacturers, and one for non-manufacturers, as the Defendant contends, it could be sub-classified into three, or six, or a dozen, or fifty, or more. So could personal property. The equality provisions of the State Constitution would thus be reduced to a shambles. It was to avoid that very evil, in my judgment, that the framers of the Constitution wrote the uniformity requirement into that instrument, not once, but four times."

In my view, the Constitutional mandates specially requiring uniformity and equality in the field of assessment and taxation of property are so crystal clear as to make consideration of the due process clauses, also invoked by the demurrer, unnecessary.

I would affirm the decree of the circuit court.

BUSSEY, J., concurs.