STATE *ex rel.* CLINTON BURBRIDGE, *et al.,* v. ALBERT H. ST JOHN, as Assessor of Taxes.

197 So. 549

En Banc

Opinion Filed August 2, 1940

*J. T. G. Crawford* and *Philip S. May,* for Plaintiff in Error;

*Cockrell & Cockrell,* for Defendant in Error;

*Julian E. Fant* and *Clarence G. Ashby,* as *Amicus Curiae.*

PER CURIAM.—It appears that there is confusion as to the rationale of the action of this Court in the entry of its judgment of June 28, 1940.

The judgment of the court below was reversed and the cause remanded for further appropriate procedure.

It has not been held by this Court that the property involved is subject to taxation. Nor has it been held by the majority of the Court that it is exempt from taxation under the provisions of Section 16, Article XVI, of the Constitution. The majority of the Court does hold that under the pleadings in this case, the property is not shown to be exempt under that organic provision.

It does not necessarily follow that property belonging to the Housing Authority of Jacksonville, Florida, may be exempt from taxation; nor does it follow that property owned by the Housing Authority of Jacksonville, Florida, is not exempt from taxation.

Under the provisions of Section 16, Article XVI, of the Constitution, if it be shown that any specific property belonging to the Housing Authority of Jacksonville, Florida, be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes, or for any one or more of such purposes, then that property is exempt from taxation, and upon a showing made to this effect by the owner the exemption should be allowed by the assessor.

The property owner is not a party to this suit. Therefore, the owner cannot be, by a judgment in this case, precluded from the exercise of its right to show that its property is exempt under the organic provisions, *supra.* Nor shall any judgment entered in this case appear to preclude the owner from the exercise of such legal right. Under the pleadings as presented here, it is not shown that the land-owner is

entitled to the exemption of the involved property from taxation. Therefore, under the allegations in the pleadings, the relator is entitled to have judgment requiring the tax assessor to enter the assessment of the involved property on the tax books, unless the owner may show unto the assessor that the property is exempt from taxation under the organic provisions, *supra*. This is necessary because the owner is not a party to this cause.

This clarification shall be filed and considered supplemental to and in connection with the opinions and judgment entered herein on June 28, 1940.

So ordered.

TERRELL, C. J., BROWN and THOMAS, J. J., concur.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—It is my view that the property here involved is exempt from taxation and this Court so held in the case of Marvin v. Housing Authority of Jacksonville, Florida, reported in 133 Fla., page 590, 183 So. 145. The lower court followed the rule enumerated by this Court in said case. The judgment appealed from, I think, should be affirmed on the authority of Marvin v. Housing Authority of Jacksonville.