CITY OF ST. AUGUSTINE, FLORIDA, a Municipal Corporation organized and existing under and by virtue of the laws of the State of Florida, v. S. C. MIDDLETON, as Tax Collector of St. Johns County, Florida.

3 So. (2nd) 153
En Banc
Opinion Filed June 20, 1941
Rehearing Denied July 10, 1941

*David R. Dunham,* for Appellant.

*J. Tom Watson,* Attorney General, *Lawrence A. Truett,* Assistant Attorney General, and *Frank D. Upchurch,* for Appellee.

WHITFIELD, J.—A bill of complaint was brought by the city to enjoin a tax sale for the collection of State and County ad valorem taxes for the year 1940, upon the property or any portion thereof described and assessed as "City of St. Augustine—Blk 36-A—Alcazar Hotel, Florida East Coast Hotel Co. $65,000.00." A motion to dismiss the bill of complaint contained in an answer filed, was granted with leave to file an an amended bill of complaint and answer thereto. Plaintiff elected not to amend and final decree was entered dismissing the cause on the pleadings.

It is alleged that:

"The City of St. Augustine . . . is . . . a municipality under Chapter 7235 of the laws of the State of Florida, A. D. 1915, and by subsequent acts of the

legislature of the State of Florida to the present date, and that among its duties as a municipal corporation, it is duly authorized and empowered under Section 7 of the City Charter of the City of St. Augustine, Florida, delegating the powers to said city, to buy, lease and acquire by condemnation, or otherwise, historical landmarks, sites, remains, buildings, monuments, and to hold and to use the same, and provide for the restoration, care and preservation of same, and to acquire any property immediately contiguous to and adjoining any such real estate which is necessary for such scientific, historical, or educational purposes, or for the accommodation of the public in visiting such historical, scientific, or educational objects or places, and to zone said city for the purposes of Restoration and for other purposes. And that the City of St. Augustine, Florida, under its charter above referred to, and under the general laws of the State of Florida, is empowered to do and perform the things of a municipal nature for municipal purposes, and to make such regulations under the laws of the State of Florida, for the education, observation, health, pleasure, benefit and general welfare of its citizens and inhabitants of the City of St. Augustine, Florida." See Chap. 18873, Special Acts of 1937, pp. 1552, 1558.

"That the property referred to is held by the city under a lease from the Florida East Coast Hotel Company, a corporation under the laws of the State of Florida, dated September 16, 1939, and which lease is recorded in the public records of St. Johns County, Florida, in Miscellaneous Book X, page 349; . . .

"That the building erected on said property is known as the Alcazar Hotel building. That the use

of said property under the terms of the lease above mentioned is solely for the purposes of museum, art galleries, libraries, place for historical exhibits, offices, rooms for study and historical research, and for headquarters for the Restoration Movement and Pan-American Relations and Education, all for the use and benefit of the inhabitants and visitors to the territory now or hereafter incorporated in the City of St. Augustine, Florida, or any successor municipality, and to make no unlawful, improper or offensive use of the leased premises and buildings and structures thereon; . . .

"That said property consists of a hotel and is used solely for municipal purposes. That space has been provided for the placing of the Florida Historical Society Library, and it is the intention of the City to use this property entirely and solely for educational, historical, scientific and municipal purposes under the guidance and control of the City of St. Augustine, Florida, under and by virtue of the lease herein referred to in Misc. Book X, page 349. That no commercial business whatever is conducted within said building of the Hotel Alcazar and that the same is purely and entirely under municipal control. That the City takes care of the grounds, polices the property and pays the insurance on the buildings, and that the City of St. Augustine, Florida, has remitted taxes on this property inasmuch as it is used purely for municipal purposes and no financial benefit is derived therefrom. That there is located now in the Alcazar Hotel, as occupants under permits from the City of St. Augustine, Florida, the St. Augustine Camera Club, which takes pictures for the uses and benefit of the City of St. Augustine, Florida; the St. Augustine

Historical Program, which has charge of historical programs of the City of St. Augustine; the St. Augustine District of the Boy Scouts of America; the Arts Club of St. Augustine, Florida, which is devoted entirely to painting and to art; the St. Cecilia Club, an organization for teaching music to its members, and the St. Augustine Choral Club, also for the advancement of music; all of these organizations being located on the first floor of the building. The National Park Service of the United States Government has its workshop located in the power house of the Alcazar Building, for the purpose of restoring and replacing objects which are owned by the United States government. On the second floor of the building the National Park Association has its Rare Books Project; the Pilot Club of St. Augustine, Florida, which is a charitable organization and works for the uses and benefits of the City of St. Augustine, has its offices, there, and Madam Louise Homer Scholarship Foundation, Inc., also has the use of a room here for the purpose of teaching scholarship music. The Florida Historical Society of Winter Park, Florida, is also located in this building and the Junior Service League of St. Augustine has its headquarters herein. The Carnegie Institute has its headquarters situated on the first floor of the Alcazar Building. The front grounds of said property are used as City or municipal Park; . . .

"That the real property herein described in this bill of complaint is used by this Plaintiff solely for the purposes set forth in the lease hereto attached and heretofore set forth in this bill of complaint; that there is no income derived by the Plaintiff from this property; that there is no rent charged for the use of

said rooms occupied by the organizations herein named and that the entire project is exclusively for benefit and general welfare of the citizens and residents of the City of St. Augustine, Florida."

The lease was for three years, for a rental of $1.00 for the three years.

"And also sums of money (a) payable at the times and equal to the taxes, assessments, licenses, levies, liabilities, obligations and impositions, all as specified in paragraphs '1' hereof; and (b) payable at the times and equal to premiums for fire and lightning insurance, all as specified in paragraphs '11' hereof.

"AND THE LESSEE COVENANTS WITH THE LESSOR AS FOLLOWS: . . .

## "II

"To pay within 30 days after presentation unto lessee unto Lessor of statements for the same, premiums for fire and lightning insurance policy or policies with lightning and Electrical Apparatus Clause or Endorsement, or in form and with insurer satisfactory to the Lessor, upon all the buildings and structures located upon the hereinabove described leased land and for a total sum of not less than $350,000.00 or for the full insurable value, if the insurable value shall be less than $350,000.00; all such fire and lightning insurance policy or policies, provided in this paragraph, to be payable during the life of this lease solely to the Lessor."

There are other covenants by the lessee city contained in the lease, which also contains an option to purchase for a total price of $350,000.00.

One of the grounds of the motion to dismiss the bill of complaint was: "it appears that plaintiff does not

hold and use the property sought to be exempted from taxation exclusively for municipal purposes."

Section 16, Article XVI, of the Florida constitution is:

"The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the Legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes." See also Sec. 1, Art. IX.

In the case the owner Lessor is a private corporation and does not hold or use the leased property for any of the purposes specifically enumerated in the above quoted organic section; but has leased the property to the city in consideration of covenants by the city to pay all taxes, insurance, upkeep, etc., with option to purchase. See Jefferson Standard Life Insurance Co. vs. City of Wildwood, 118 Fla. 771, 160 So. 208.

The lessee city covenants:

"To use the leased property, buildings and structures thereon only for museum, art galleries, libraries, place for historical exhibits, offices, rooms for study and historical research, and for headquarters for the Restoration Movement and Pan-American Relations and Education, all for the use and benefit of the inhabitants, visitors and tourists of and to the territory now or hereafter incorporated in the City of St. Augustine, Florida, or any successor municipality, and to make no unlawful, improper or offensive use of the leased premises and buildings and structures thereon."

The premises consist of a city block and a large hotel thereon, with grounds. There is no allegation of facts showing that the entire premises is used even for the purposes stated in the bill of complaint. It is alleged generally that the hotel is used solely for municipal purposes and that no commercial business whatever is conducted within the building and that the front grounds of said property are used as city or municipal park. Such and other general allegations are not sufficiently definite to justify exemption of the entire leased property from State and county taxes where the property is owned by a private corporation and the city lessee covenants to pay substantial amounts, besides taxes, for the use alleged to be made of the property by the city with an option to purchase, and there is no sufficient showing as to what part of the property, if any, is exclusively used for authorized municipal purposes.

The constitution and statutes do not specifically exempt from taxation any described property; and in order to entitle the whole or a severable portion of the property of a private corporation to exemption from taxation, the entire property, or the severable portion thereof that is sought to be exempted from taxation, must be clearly shown to "be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes." Sec. 16, Art. XVI, constitution; State ex rel. v. St. John, 143 Fla. 876, 197 So. 549.

While reasonable statutory enactments may indicate what historical reasearch, preservative and other activities may be regarded as being an authorized municipal purpose, yet property used therefor may be exempted from taxation only when the activity has

an immediate and substantial relation to, and the property is held and used exclusively for, one of the purposes stated in Section 16, Article XVI, of the constitution.

Assuming that Section 1, Article IX, and Section 16, Article XVI, of the constitution contemplate or permit property of a private corporation to be exempted from State and county taxation when the property is leased to a municipality to be used for its duly authorized municipal purposes, the consideration for the lease being one dollar together with covenants by the lessee city that it will pay the amounts of all lawful taxes, assessments, insurance, upkeep, etc., for the preservation of the property in the interest of the corporate owner, and for which amounts the property or its owner may be liable; yet in case of such a lease the property will be subject to authorized State and County ad valorem taxation, at least unless it be affirmatively and definitely shown that the entire property or a separable portion thereof sought to be exempted from such taxation is in fact being held and used by the city exclusively for municipal purposes that are duly authorized by law. To be exempted from taxation the property of a private corporation so leased to a municipality for its authorized purposes must be used exclusively for one of the purposes stated in Section 16, Article XVI, of the constitution, and not merely used in whole or in part for other public purposes distinct from those specifically enumerated in the stated organic section.

If under Section 8, Article VIII, of the constitution, property being held and used by a municipality for a public purpose other than the purposes expressly enumerated in Section 1, Article IX, and Section 16,

Article XVI, constitution, may be exempted from municipal taxation, by making such public purpose a municipal purpose or otherwise by statute, no such question is presented in this case,. as the taxes here sought to be enjoined are assessed for State and county purposes.

The motion to dismiss the bill of complaint contained in the answer of the defendant tax collector was properly granted and the cause was properly dismissed upon the plaintiff's failing to amend the bill of complaint on leave of court granted.

The facts in this case are essentially different from those in Lummus v. Miami Beach Congregational Church, 142 Fla. 657, 195 So. 607; Lummus v. Florida-Adirondack School, Inc., 123 Fla. 810, 168 So. 232. See State v. McDavid, 145 Fla. 605, 200 So. 100.

Affirmed.

BROWN, C. J., TERRELL, BUFORD, CHAPMAN and ADAMS, J. J., concur.