STURGIS, Chief Judge
(dissenting).
I am persuaded that F.S. Section 423.02, F.S.A. does not exempt Housing Authorities or their tenants from the operation and effect of F.S. Section 212.03, F.S.A. which imposes the tax in question.
F.S. Section 423.02, F.S.A. is derived from Chapter 17983, Section 2, Laws of 1937. The exemption afforded thereunder relates to property taxes as exempted by the Florida Constitution (art. IX, Sec. 1; art. XVI, Sec. 16), F.S.A. State ex rel. Grubstein v. Campbell, 146 Fla. 532, 1 So.2d 483; Marvin v. Housing Authority of Jacksonville, 133 Fla. 590, 183 So. 145, 157. It is well established that the constitutional provisions exempting from taxation real and personal property “held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes” applies to ad valorem taxes as distinguished from excise taxes. Johnson v. Sparkman, 159 Fla. 276, 31 So.2d 863, 172 A.L.R. 1067; American Can Company v. City of Tampa, 152 Fla. 798, 14 So.2d 203; Garrett v. Northwest Florida Regional Housing Authority, 152 Fla. 551, 12 So.2d 448; State ex rel. Cragor Co. v. Doss, 150 *494 Fla. 486, 8 So.2d 15; City of St. Augustine, Fla. v. Middleton, 147 Fla. 529, 3 So.2d 153; Lummus v. Miami Beach Congregational Church, 142 Fla. 657, 195 So. 607; Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211. The Supreme Court has held that the rent paid, by which the measure of tax is determined, is not a property within the meaning of the constitutional provisions, and that the sale and use tax law (F.S. Chapter 212, F.S.A.) imposes a license or excise tax as distinguished from an ad valorem tax. Gaulden v. Kirk, Fla., 47 So.2d 567, 574.
The tax in question was first imposed by Chapter 26319, Laws of 1949. At no place in the extensive act, which spells out certain exemptions [§ 212.08(7), (8) (a)], do we find Housing Authorities excused from the duty to collect and remit the tax or their tenants exempted from liability to pay it. In cases of doubt exemptions from taxation are to be strictly construed in favor of the taxing power. State v. Inter-American Center Authority, Fla., 84 So.2d 9; Orange County v. Orlando Osteopathic Hospital, Fla., 66 So.2d 285. Assuming that Chapter 17983, Section 2, Laws of 1937, was designed to exempt Housing Authorities from all types of taxation, nevertheless Sections 21 and 22 of Chapter 26319, Laws of 1949, operated to repeal the exemption to the extent of the tax imposed by the act.
Finally, I find merit in appellant’s contention that in Davis v. Ponte Vedra Club, Fla., 78 So.2d 858, which involved a tax levied under F.S. Chapter 212, F.S.A. on a nonprofit corporation' engaged in transient rentals and in making sales and furnishing other services to its members, the Supreme Court has receded from its holding in Gaulden v. Kirk, supra, to the effect that the tax is imposed upon the party charged under the act with the duty to collect and remit the tax, who in the case now on appeal would be the lessor. The intervening climate of the administrative legislative, and judicial approach is to- treat the Sales Tax Act in accordance with the conclusion of the Supreme Court in the Ponte Vedra Club case, wherein it is said:
“The question as to who is to pay the tax, against whom the tax is levied, was set at rest by the Supreme Court in the case of Spencer v. Mero, Fla., 52 So.2d 679, wherein the Court said:
“ ‘ * * * The seller is required to collect it from the buyer. The buyer is liable for it. We conclude that it is a tax against the buyer. The seller is coerced to collect the tax and remit. To say that it is a tax on the seller is overcome by the fact that he is required to exact it of the purchaser. The spirit and intent of the law is that the purchaser, and not the seller, shall pay it.’ ” [78 So.2d 859.]
I am unable to reconcile the decision of the majority herein with this latest expression of the Supreme Court.
For the reasons stated, and inasmuch as the issues before the trial court were resolvable solely upon questions of law, it is my opinion that it erred in refusing to grant appellant’s motion for summary decree.
I therefore dissent.