145 So.2d 228 (1962)
Claude M. FRANKS, As Tax Assessor of Alachua County, Florida, Appellant, and Florida Retail Federation, Inc., et al., Appellant-Intervenors,
v.
G.M. DAVIS et al., As and Constituting the Board of County Commissioners of Alachua County, Florida, Appellees.
No. 31605.
Supreme Court of Florida.
June 27, 1962.
Rehearing Denied October 23, 1962.
*229 William B. Watson, Jr., Gainesville, for appellant.
Reinstine, Reinstine & Panken, Jacksonville, for appellant-intervenors.
Henry L. Gray, Gainesville, for appellees.
DREW, Justice.
The appeal in this cause is from a decree of the Circuit Court for Alachua County directly passing upon the validity of a state statute and construing a controlling provision of the Florida Constitution.[1]
Suit by appellees for declaratory decree resulted in the entry of the controverted adjudication: that Chapter 61-295, Laws of Florida 1961, F.S.A. § 192.05,[2] providing *230 that "stock in trade" shall be assessed for taxation at 25 per cent of a valuation based on invoice cost, violates Article IX, Section 1, Florida Constitution, which reads:
"The Legislature shall provide for a uniform and equal rate of taxation, except that it may provide for special rate or rates on intangible property * * * and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes." (Emphasis supplied.)
The general provision controlling assessment of tangible personal property is F.S. Section 200.06, F.S.A.: "The tax assessor shall assess all tangible personal property at its full cash value." Because of its conclusion that Chapter 61-295 is unconstitutional, the court did not treat the novel contention of the appellant assessor that the act in question should be construed to amend existing law to provide that 25 per cent of current market value of tangible personalty generally, as well as real property, would represent the "full cash value" for the purpose of ad valorem assessments.
As recognized by the trial court, however, the manifest purpose of Chapter 61-295 is to classify stock in trade separately from other tangible personalty for purposes of tax assessment, and not to alter the general provision. Argument on this appeal therefore revolves primarily around the problem of legitimate classification under constitutional provisions for a "uniform and equal rate of taxation" and for a "just valuation of all property," except exemptions specifically permitted. Previous cases in this jurisdiction to which we are cited involve either the propriety of distinctions in properties to be subjected to taxes levied for special or local benefits,[3] for excise or license purposes,[4] or the necessity for uniform administration of assessment procedures.[5]
Our law has since 1937[6] constituted stock in trade a separate classification of tangible personalty for aggregate assessment, and the propriety of classification for that purpose has not been questioned. We find little support, however, for the exercise of the power to classify such taxable property so as to make it subject to assessment at a lower or higher percentage of its value than other classes, except where the controlling constitutional provision differs materially from that applicable in this State.[7] A specious argument might arise from the fact that the uniformity requirement of Article IX, supra, relates in terms to the rate of tax imposed, and Chapter 61-295 on its face simply alters the formula *231 for valuation of a class of property already subject to separate assessment procedure. If rates cannot be varied directly, however, neither can that result be achieved indirectly by manipulation of the assessment basis upon which levy is made. Such is the recognized intendment of our provisions for a "uniform and equal rate of taxation" as well as a "just valuation of all property," construed as securing equality of burden for ad valorem taxation in this State.[8]
A leading text states the prevailing rule, under constitutional limitations such as that in Florida, to be "that a classification whereby one class of property is required to be valued at a higher per cent of its value than another class is not a reasonable or permissible classification."[9] While it would be impossible, and undesirable, to anticipate the various methods which might be lawfully prescribed for determining the "just valuation" of any particular class of property, we think that the statutory provision here involved, for assessment at one-fourth of invoice cost, is plainly not based upon any reasonable relationship to the just or true value of such property in the hands of the taxpayer. The disparity between F.S. Sec. 200.06, F.S.A., supra, and the law in question consequently renders the latter invalid.
We must further note that the constitutional mandate of just valuation is made applicable to "all property," excepting only such specified classes as may be exempt. Under established rules of construction, the specification of permissible exemptions will exclude others: expressio unius est exclusio alterius. Our cases in the past have been consistent upon this point, in accord with construction of similar provisions by other courts,[10] and we can imagine no clearer infraction than the exclusion of seventy-five per cent of a valuation already based, presumably, on something less than, or different from, market or cash value.
The potential effect of a contrary conclusion would be obvious in the case of such a proportionate exclusion of invoice or cost value for assessment of property held purely for resale purposes by a dealer or developer of real estate. Yet the controlling language of Article IX is, with stated exceptions, expressly related to real and personal property alike, and its application here would govern that situation with equal force. If the legislative power in this respect should be construed as urged by appellants, no reasonable explanation or operation could be accorded the constitutional prescription of permissible exemptions. "Undoubtedly the Legislature is without power to provide for exempting from taxation any class of property which the Constitution itself makes no provision for exempting. The principle has been more than once affirmed in this state that the Constitution must be construed as a limitation upon the power of the Legislature to provide for the exemption from taxation of any classes of property except those particularly mentioned classes specified in the organic law itself."[11] Upon this rationale alone the decree appealed must be affirmed.
It is so ordered.
TERRELL, THOMAS, O'CONNELL and CALDWELL, JJ., concur.
*232 ROBERTS, C.J., and THORNAL, J., dissent.
THORNAL, Justice (dissenting).
It is always with considerable reluctance that I come to a conclusion that it is necessary to dissent from the views of a majority of my colleagues. This is particularly so when the majority opinion is advanced so cogently and so persuasively as it is in this instance.
However, it appears to me that the majority here concedes the legitimacy of a legislative classification of stock in trade for tax assessment purposes and simultaneously concludes that such a classification should not here be sustained. It is for this reason that I disagree.
Since the enactment of Chapter 18297, Laws of Florida 1937, Section 192.05, Florida Statutes, F.S.A., the Legislature has classified stock in trade as a separate and distinct class of personal property for tax assessment purposes. Whereas by Section 192.04, Florida Statutes, F.S.A., it is provided that "All real and personal property shall be subject to taxation on the first day of January of each year * * *" Section 192.05, supra, prior to Chapter 61-295, Laws of 1961, provided that "All personal property considered as goods, wares and merchandise, commonly known as stock in trade, may be assessed for the purpose of taxation * * * at a valuation to be based upon the average value of such stock of goods, wares and merchandise, or stock in trade, as held or owned over a period of twelve months next preceding the first day of January of the year for which the assessment is made." For at least 25 years this legislative recognition of the peculiarities of "stock in trade" for tax assessing purposes has been applied and consistently followed. Indeed the majority opinion raises no question regarding the validity of this determination.
The majority view is based entirely on a construction of Article IX, Section 1, Florida Constitution, F.S.A., which reads in part as follows:
"The Legislature shall provide for a uniform and equal rate of taxation, except that it may provide for special rate or rates on intangible property * * * and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes." (Emphasis supplied.)
It appears to me that the requirement of a "uniform and equal rate of taxation" is entirely separate and distinct from the requirement that the Legislature "shall prescribe such regulations as shall secure a just valuation of all property, both real and personal * * *" The former provision is applicable solely to the rate of taxation. The latter applies to regulations which shall secure a just valuation of property. This distinction was clearly recognized in Rorick v. Reconstruction Finance Corporation, 144 Fla. 539, 198 So. 494, from which we quote the following:
"Section One of Article Nine requiring the legislature to `provide for a uniform and equal rate of taxation' is the pertinent provision of the Constitution to construe in answer to the question presented. As a first aid to determine whether or not Section 1538, Compiled General Laws of 1927, impinges on uniformity and equality of taxation, it is proper to call attention to the fact that these elements (uniformity and equality) apply only to the `rate of taxation'. They have no relation whatever to the tax lien or the valuation; in fact the same section vests in the legislature power to prescribe rules to *233 secure a `just valuation' of all property for taxation." (Emphasis supplied.)
The Rorick decision was cited with approval in Schleman et al. v. Connecticut General Life Ins. Co., 151 Fla. 96, 9 So.2d 197. While the Constitution mandates a uniform and equal rate of taxation for all property except the special rate authorized for intangibles, it accords to the Legislature the power to promulgate regulations for securing just valuation of all property. I find nothing in the decisions which would preclude the Legislature from adopting reasonable regulations for the assessment of various classes of property which have peculiarities which distinguish them from other classes. While, admittedly, the rate of taxation must be uniform and equal as to all property, except intangibles, it appears to me that if the peculiarities of a particular class justify a separate classification for assessment purposes, then the legislative prescription in this regard should be followed so long as there is no discrimination within the class. Inasmuch as 25 years ago the Legislature provided a special class by noting the peculiarities of stock in trade which justify an assessment based on average inventory value over a 12 month period, as distinguished from the value of an inventory on January 1 of the taxing year, we have thereby long recognized the distinguishing characteristics of this type of property for tax assessment purposes. So long as the legislative rule for the assessment applies to all similarly conditioned within the class, I can find no objection to its enactment. Having in mind our duty to uphold an act of the Legislature, if by any reasonable construction of the Constitution we can do so, and it appearing to me that the above-announced constitutional standard is reasonable, I would sustain the validity of Chapter 61-295, Laws of Florida, 1961.
For these reasons I respectfully dissent.
ROBERTS, C.J., concurs.
NOTES
[1] Article V, Sec. 4(2), Florida Constitution, F.S.A.: "Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only * * * from final judgments or decrees directly passing upon the validity of a state statute * * * or construing a controlling provision of the Florida or federal constitution * * *."
[2] The pertinent provision of CHAPTER 61-295 here involved is as follows:

"Section 1. Section 192.05, Florida Statutes, is amended to read:
"192.05
"(1) Assessment of stock in trade All personal property considered as goods, wares and merchandise commonly known as stock in trade, shall be assessed for the purpose of taxation by the counties, cities, villages, towns and taxing districts at twenty five percent of a valuation to be based upon the invoice cost value of the goods. Said valuation shall be the inventory data reported on the taxpayers Federal Income Tax Return and such other sworn data as shall be necessary to assure an accurate report of the average inventory of the taxpayer held or owned over a period of twelve months, next preceding the 1st day of January of the year for which the assessment is made." (emphasis supplied.)
Prior to the passage of CHAPTER 61-295 by the Legislature during the 1961 Session, Section 192.05 read as follows:
"192.05 Assessment of stock in trade.  All personal property considered as goods, wares and merchandise, commonly known as stock in trade, may be assessed for the purpose of taxation by state, counties, cities, villages, towns and taxing districts at a valuation to be based upon the average value of such stock of goods, wares and merchandise, or stock in trade, as held or owned over a period of twelve months next preceding the first day of January of the year for which the assessment is made." (emphasis supplied.)
[3] Smithers v. St. Lucie River Drainage District, Fla. 1954, 73 So.2d 235; Town of Palm Beach v. City of West Palm Beach, Fla. 1951, 55 So.2d 566; Hayes v. Walker, 54 Fla. 163, 44 So. 747.
[4] Florida Sugar Distributors v. Wood, 135 Fla. 126, 184 So. 641.
[5] Graham v. City of West Tampa, 71 Fla. 605, 71 So. 926.
[6] Sec. 1, Chapter 18297, Laws of Florida, 1937; F.S. Sec. 192.05, F.S.A., note 2 supra.
[7] Uniformity provisions may, for instance, read so as to require only that tax legislation be "uniform on the same class of subjects." See Dayton v. Board of Equalization, 33 Or. 131, 50 P. 1009, Or.Const. Art. 1, Sec. 32, Art. 9, Sec. 1, Ore.Rev.Stat. Vol. 5; Rees v. City of Erie. 243 Pa. 189, 90 A. 58, and Heisler v. Thomas Colliery, 274 Pa. 448, 118 A. 394, 24 A.L.R.2d 1215. Cf. Com. v. Alden Coal Co., 251 Pa. 134, 96 A. 246, L.R.A. 1916F, 154 and State v. Smith, 158 Ind. 549, 63 N.E. 25, 214, 64 N.E. 18, for proposition that the right of classification exists to correct inequalities and not to create them.
[8] Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. 503.
[9] Cooley, on taxation. Vol. I, 4th ed., Sec. 298, citing First Nat. Bank of Urbana v. Holmes, 246 Ill. 362, 92 N.E. 893; In re Opinion of the Justices, 76 N.H. 588, 79 A. 31; 76 N.H. 609, 85 A. 757; Stillman v. Lynch, 56 Utah 540, 192 P. 272, 12 A.L.R. 552.
[10] State ex rel. Burbridge v. St. John, 143 Fla. 544, 197 So. 131, 134; 143 Fla. 876, 197 So. 549; L. Maxey, Inc. v. Federal Land Bank, 111 Fla. 116, 150 So. 248; 112 Fla. 835, 151 So. 276; Steuart v. State, 119 Fla. 117, 161 So. 378. Anno. 61 A.L.R.2d 1038, et seq.
[11] State ex rel. Burbridge v. St. John, note 10, supra, quoting earlier opinion.