216 So.2d 4 (1968)
CENTRAL BAPTIST CHURCH OF MIAMI, FLORIDA, INCORPORATED, a Non-Profit Florida Corporation, Appellant,
v.
DADE COUNTY, Florida, a Political Subdivision of the State of Florida, Porter W. Homer, As County Manager of Metropolitan Dade County, R.K. Overstreet, As Tax Collector of Metropolitan Dade County, and Fred O. Dickinson, Jr., As Comptroller of the State of Florida, Appellees.
No. 37384.
Supreme Court of Florida.
November 27, 1968.
Herbert S. Sawyer of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellant.
Thomas C. Britton, County Atty., and Stuart Simon, Asst. County Atty., for appellees.
ERVIN, Justice.
This appeal was transferred here by the District Court of Appeal, Third District, since it appeared to that court the final decree of the Circuit Court of Dade County, Florida construed. Section 16, Article XVI of the State Constitution, F.S.A. Our inspection of the decree confirms the transfer of the appeal was in order and we accept jurisdiction of it.
Appellant, Central Baptist Church of Miami, Florida, Inc., is a nonprofit Florida corporation which owns virtually an entire city block in downtown Miami on which its church building is located. A large part of the ownership not used for the church building is utilized as a parking area, a small portion being reserved at all times for the parking of the cars of the pastor and other members of the church staff. During weekday business hours the parking area, except for the small portion reserved at all times for the church staff, is *5 rented out and used as a commercial parking lot, the net income from which is devoted in its entirety by the church to its world missions and education program. On Sundays and evenings the parking area serves as a free parking facility for congregants during hours of church services and church related activities.
Percentagewise, 41% of the church property is occupied by church buildings and 59% is maintained for parking area.
In respect to the practical problems and necessities involved, the Appellant church corporation made an evidentiary showing that as its congregation grew it was necessary over the past several years for it to acquire with church funds additional lots in the block where its church building is situated for its congregants' car parking. Since the large parking area it acquired is idle of congregant parking during weekday business hours, Appellant deemed it reasonable to share its parking area and accommodate public parking in downtown Miami where traffic is congested and parking space is limited. In this way its parking area serves a dual church and public purpose and Appellant is enabled from the income derived from public parking to augment its funds allocated to world missions and religious education. In this respect the trial judge found and set forth in his decree:
"* * * A large and beautiful Church known as the Central Baptist Church of Miami stands on the property. On the aforesaid city block and adjacent to the Church Building is a substantial parking area * * *. The major portion of the parking area is used on Sundays and in the evenings as a gratuitous parking facility by congregants during the hours that Church services and other Church activities are taking place upon the Church property. In this era of motor travel it is conceded that ample parking facilities are essential to meet the needs of a modern downtown Church, and the Court recognizes that the plaintiff [Appellant] has frequently had to rent many additional nearby parking spaces to accommodate its worshipers. During weekday business hours however the parking area, save for the small portion reserved at all times for Church officials, is used as a commercial parking lot."
County taxing officials deem the property exempt from ad valorem taxation except for the portion used as a commercial parking lot on weekdays. The entire parking area was first assessed for ad valorem taxes in 1965 and the taxes were paid under protest. In 1966 an assessment was imposed on the parking area of $150,000 and the tax levied on this assessment came to $3,416.25.
Appellant's application for exempt status for its parking lot was denied by the Tax Assessor of Dade County; and the Board of County Commissioners of Dade County, sitting as a Board of Equalization, sustained the Tax Assessor's denial of exempt status.
Appellant initiated proceedings in the Circuit Court to enjoin collection of the assessed taxes. The trial court entered summary judgment in favor of the County as to that portion of the parking area used for commercial parking during weekday business hours.
We reverse the final decree.
F.S. Section 192.06, F.S.A. appears to be applicable to the question presented by the appeal. It reads in part as follows:
"192.06 Property exempt from taxation.

 The following property shall be exempt from taxation:
* * * * * *
"(4) All houses of public worship and lots on which they are situated, and all pews or steps and furniture therein, every parsonage and all burying grounds not owned or held by individuals or corporations for speculative purposes, tombs and right of burial; but any building being a house of worship which shall be rented or hired for any other purpose *6 except for schools or places of worship, shall be taxed the same as any other property."
This section in granting tax exemption to church property complies with the requirements of Section 16, Article XVI, State Constitution, as construed in Jasper v. Mease Manor, Inc. (Fla.), 208 So.2d 821.
Finding there is a general statutory exemption of property used for church or religious purposes consistent with said constitutional provision, we turn to an interpretation of such statutory exemption as it applies to the situation in this case.
We find the statute grants ad valorem tax exemption to Appellant's property when it is used for church or religious purposes. We further find the limited part time rental of a portion of the church lot for commercial parking on weekday business hours is reasonably incidental to the primary use of the church property as a whole for church or religious purposes and is not a sufficiently divergent commercial use that eliminates the exemption as to the commercial parking lot portion of the property.
Our reasons for this interpretation are as follows: In the first place, the concluding proviso of paragraph (4) of Section 192.06, literally read, lifts the exemption granted church property only from the building that is the house of worship when it is rented. It does not purport in terms to remove the exemption from rented church land adjacent the house of worship building. But less technically and more practically, it does not appear that the Legislature intended by the language of Section 192.06(4) to remove the church property tax exemption where the rental of a portion of a church lot is limited in nature and does not result in the portion rented being placed beyond its regular and customary church use, and the rental funds derived are used for purposes contemplated by Section 16, Article XVI, State Constitution. The legislative wisdom and policy of the statute are that if certain church related property (parsonages and burying grounds) is held by private persons for speculative purposes or if the house of worship itself is rented for a nonworship or nonschool purpose, these are diversions from church use sufficient in degree to warrant lifting the tax exemption. However, lesser and more limited divergent uses of church property are apparently not deemed by the Legislature sufficiently inconsistent with church purposes to lift the exemption, provided the funds derived from such uses are not diverted to purposes not contemplated by Section 16, Article XVI.
Until 1965 no attempt had been made by the county taxing authorities to impose ad valorem taxes on the portion of Appellant's property rented for commercial parking purposes. Furthermore, we find no amendments to F.S. Section 192.06, F.S.A., including Chapter 65-438 (relating to exemptions for homes for the aged), which modify the prior administrative construction of the county taxing authorities that the portion of Appellant's church lot rented for commercial parking was exempt from taxation. The record conclusively reflects the church devotes the net income received by it from rentals of the commercial parking lot area to religious and educational purposes. If similar income were so devoted by any of the institutions referred to in F.S. Section 192.06(3), F.S.A., the property (if owned or held by any of such institutions) from which it was derived would be tax exempt. Such institutions under Section 192.06(3) may rent, from the property actually occupied and used by them for the purposes for which they are organized,
"* * * not more than seventy-five (75 %) per cent of the floor space of said building or property * * * and the rents, issues, and profits of said property are used for the educational, literary, benevolent, fraternal, charitable or scientific purposes of said institutions * * *"
*7 Since there is nothing in Section 192.06(4) which purports to remove the tax exemption from church lot property under limited, part-time rental, and the rental use is not inconsistent with the normal church use of such lot property, we see no objection to an administrative tax ruling that the exemption remains so long as the funds derived from the rental are devoted to the purposes contemplated by Section 16 of Article XVI.
We reiterate that our opinion is restricted to an interpretation of F.S. Section 192.06(4), F.S.A., as it applies to the particular facts of this case. Tax exemption of church property generally is granted thereby; once granted by the Legislature, its application then becomes a matter subject to interpretation.
Section 192.06(4) does not contain apt language removing the general exemption covering church lots or grounds used as such when they are rented part time. Only through judicial interpretation by way of analogy could we treat part-time rental of church lots the equivalent of rental of houses of worship and remove the exemption. But the statute does not go that far. On the other hand, in considering the matter we are confronted by the treatment accorded properties of those institutions coming under Section 192.06(3) when they are rented, and the claim that Appellant is not deprived of analogous treatment by Section 192.06(4). Under these conditions we think it wisdom on our part not to interpolate language into Section 192.06(4) that would lift the exemption claimed by Appellant in this case, since any material change in the exemption statute, if advisable, lies more appropriately in the legislative province. Moreover, it is difficult because of equitable principles to accord different exemption treatment to churches than is accorded the other institutions under Section 16, Article XVI, and especially so where tax exemption is granted church property by statute and the exemption granted therein is not expressly removed by the statute in all instances where church properties are rented.
The decree of the Circuit Court is reversed with direction that a decree consistent with this opinion and judgment be entered in lieu thereof.
It is so ordered.
ROBERTS, DREW, THORNAL and HOPPING, JJ., concur.
CALDWELL, C.J., and THOMAS, J., dissent.