QUESTION: Will any portion of a nonprofit organization's land lose its tax exempt status if it allows a caretaker to graze cattle on the land in exchange for caretaking services?
SUMMARY: Land, although owned by a nonprofit organization as defined by s. 196.195, F.S., is not exempt if used for purposes other than educational, charitable, literary, scientific, religious, or governmental. Unless the tax assessor finds that the Girl Scout organization uses the land available for grazing more than 50 percent for exempt purposes, then exemption should be completely denied as to that portion upon which the cattle graze. However, if there is a severable portion that is used for exempt purposes and assuming other statutory requirements as to ownership and use are satisfied, such portion may be granted an exemption from taxation. The facts as presented in your letter and pursuant to a telephone conversation with my staff on May 20, 1974, are as follows: The Broward County Girl Scout Council owns and uses a parcel of real property along with buildings thereon as a camp and recreation area. A major portion of the property is used as pasture for cattle grazing by the caretaker of the property in exchange for his services of maintaining and caring for the property. The cattle are restricted by fences from the immediate area of the buildings. It is for the tax assessor, in the first instance, to make the factual determination that an applicant nonprofit corporation uses its property for exempt purposes as defined by s. 196.012(1), F.S. An "exempt use of property," is categorized pursuant to s. 196.012(1) as "[a] predominant or exclusive use of property for educational, literary, scientific, religious, charitable, or governmental use." Assuming the Girl Scouts of Broward County qualifies for exemption as a nonprofit organization, within the meaning of s. 196.195, F.S., nevertheless, before exemption from ad valorem taxation may be granted, the use of the property must be one of the exempt uses specified above. Section 196.192, F.S.; AGO's 071-342, 062-6, and 061-76. State ex rel. Burbridge v. St. John, 197 So. 549 (Fla. 1940). The use of the land to graze an individual's cattle is not within those exempted by s. 196.012, supra. Such use is not charitable, educational, literary, scientific, religious, or governmental. Sections 196.012(3) and 196.192, however, allow an exemption from taxation for property which, although not exclusively, is predominantly (more than 50 percent) used for one of the exempt purposes stated above. Should the tax assessor determine from the facts presented to him that the predominant use of the subject property for Girl Scout activities is a charitable exempt use, then an exemption in that percentage of predominant use may be granted. Section 196.192(2) and AGO's 074-74 and 074-130. Because exemptions from taxation result in an uneven distribution of the tax burden, statutes granting such tax relief are strictly construed against the exemption. Miami Battlecreek v. Lummus, 192 So. 211 (Fla. 1939). Therefore, unless the tax assessor finds that the Girl Scouts are using the land more than 50 percent for exempt uses, the tax exemption on the property used by the cattle should be denied in toto. The question remains as to whether the land and buildings used as a campsite by the Girl Scouts, from which the cattle are restricted, may be severed from the pasture lands and thus be entitled to a charitable exemption. Assuming that the requirements for exemption are met, i.e., that the Girl Scouts of Broward County is a nonprofit organization within the meaning of s. 196.195, F.S., and is using the buildings and fenced-in area in the immediate vicinity for charitable purposes within the meaning of s. 196.012(6), F.S., it is my opinion that said land and fenced-in area may be so severed and exempted from tax. Property subject to the same ownership but with different uses has been granted exemption under different classifications of exemption. Attorney General Opinion 061-104; State ex rel. Burbridge v. St. John, supra. Furthermore, in the City of St. Augustine v. Middleton, 3 So.2d 153 (Fla. 1941), the court held that a hotel leased by the city from a private corporation which owned the entire city block was entitled to an exemption from ad valorem taxation. In that case, however, the court required that the property so divided be a "separable portion," thus preventing the artificial severance of realty. Similarly, the court in Central Baptist Church of Miami, Fla. v. Dade County, 216 So.2d 4 (Fla. 1968), rev'd on other grounds,404 U.S. 412 (1972), recognized the potential severability for exemption purposes of church property used for religious purposes and a church parking lot used for commercial parking facilities.