NESBITT, Judge.
These consolidated appeals by the Property Appraisal Adjustment Board (Board) and the Property Appraiser, defendants below, challenge a summary judgment in favor of the Department of Revenue (DOR). We affirm.
The Dade County Property Appraiser granted ad valorem tax exemption to certain leasehold- interests on real property located at the Miami International Airport. Thereafter, he submitted the tax roll to the DOR for review. § 193.114(5), Fla.Stat. (1977). Florida Administrative Code Rule 12D-8.20 specifically allows the DOR to review the tax roll to determine whether the exemptions granted by the Appraiser are all properly documented and made in conformity with the law. In this case, the DOR exercised its authority to disapprove the roll because it found that the tax exemption granted to the lessees was improper. § 193.114(6), Fla.Stat. (1977).[1] It directed the Appraiser to place the property on the tax roll.
After the Appraiser complied, the Board on its own motion held hearings to review the exemptions. §§ 194.032 & 196.194, Fla. Stat. (1977). The Board granted an exemption for the leaseholds and officially certified the 1979 tax roll. Shortly thereafter, the Appraiser also certified the tax roll containing the exemption in accordance with section 193.122, Florida Statutes (1977). The DOR then unilaterally requested that the Appraiser file suit against the Board based upon a consistent and continuous violation of the law. When the Appraiser refused to bring the requested action against the Board, the DOR then commenced this action to compel the Board and the Appraiser to place the leasehold interest upon the ad valorem tax roll of Dade County. The complaint also sought a merit determination that the leaseholds were not statutorily exempt from taxation. The trial court, in a merit determination, found the leaseholds were not exempt and ordered the Appraiser to prepare a supplemental tax roll containing assessments of the subject property and certifying the roll for collection. The Board and the Appraiser have appealed.
A number of issues are raised but we find that our inquiry is limited by the parameters of authority conferred by section 195.092 which provides:
Authority to bring and maintain suits. —The Department of Revenue shall have authority to bring and maintain such ac *963 tions at law or in equity by mandamus or injunction, or otherwise, to enforce the performance of any duties of any officer or official performing duties with relation to the execution of the tax laws of the state, or to enforce obedience to any lawful order, rule, regulation or decision of the Department of Revenue lawfully made under the authority of these tax laws.
This statute is both a substantive grant of supervisory power and a complement to the supervisory powers elsewhere granted to the DOR. See, e.g., §§ 193.114(5), (6), 195.002, 195.027, 195.096 & 195.097, Fla. Stat. (1977). It enables the DOR to compel obedience to its interpretation of the tax rules and regulations.
The courts, in resolving an action brought under this provision, need only determine whether the DOR is lawfully exercising its power over the particular tax official or authority. Turning then to the present case, the issue before us is limited to whether the DOR has the power to compel obedience to its decision that the subject property be placed on the tax roll. We readily conclude that section 195.092 authorizes the DOR’s superintending power to compel obedience of the taxing official to place the property on the tax roll. Furthermore, an action brought under this section does not contemplate a merit determination. Other portions of the taxing code afford the taxpayer who is aggrieved by the agency action the right to raise any and all defenses in a subsequent proceeding. See § 194.171(2), Fla.Stat. (1977). This is particularly true in the present case because the taxpayers are not before the court and therefore may not, by a judgment in this case, be precluded in subsequent litigation from the exercise of his right to prove that an exemption was proper. See State ex rel. Burbridge v. St. John, 143 Fla. 876, 197 So. 549 (1940) clarifying 143 Fla. 544, 197 So. 131.
Accordingly, that portion of the trial court order which determined that the property should be placed on the assessment rolls and certified for collection is correct. The remainder of the order which purports to determine whether an exemption is appropriate is beyond the scope of the relief which may be granted pursuant to section 195.092 and therefore must be vacated. Once the tax roll has been certified for collection, the taxpayer will have sixty days to challenge the assessment. § 194.171(2).
Affirmed in part, vacated in part.

. We reject the appellant’s contention that the DOR was estopped to change its position from approval to disapproval because we find that there was no detrimental reliance insofar as the appropriate administrative and judicial review occurred subsequent to the DOR's disapproval.